WILLIAM R. LUMMIS AND FIRST NATIONAL BANK OF NEVADA, CO-SPECIAL ADMINISTRATORS OF THE ESTATE OF HOWARD R. HUGHES, JR., DECEASED, PETITIONERS, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, RESPONDENT.

No. 9484

March 15, 1978                                                   576 P.2d 272

*Morse, Foley and Wadsworth,* Las Vegas, for Petitioners.

*John Peter Lee, Ltd., James C. Mahan* and *Arthur J. Crowley,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

In this original proceeding in prohibition, petitioners, William R. Lummis and the First National Bank of Nevada, seek to bar their substitution as party defendants for the deceased,

---

[3]The Governor designated Stanley A. Smart, Judge of the Third Judicial District, to sit in place of HONORABLE GORDON THOMPSON, Justice, who was disabled. Nev. Const. art. 6, § 4. Justice Mowbray having recused himself, the parties through counsel, Samuel S. Lionel and John C. Whelton, consented to a decision by the panel's remaining four members.

Howard R. Hughes, Jr. Since we determine substitution is appropriate under the Nevada Rules of Civil Procedure, the petition is denied.

On April 5, 1975, Howard R. Hughes, Jr., died. At the time of his death, four different causes of action were pending involving either Hughes or his Nevada gaming enterprise, Summa Corporation. What has been called the "main case" dealt with Summa's right to exercise an option to purchase the Silver Slipper in Las Vegas.[1] The other three "companion cases" involved suits by the former owners of the Silver Slipper (1) to eject Summa and Hughes, (2) replevy personal property, and (3) recover damages for abuse of process and economic duress. Hughes was not a named party in the "main case," and was never served with process in the "companion cases."

After Hughes died, the probate court appointed the petitioners as co-special administrators of the estate. The petitioners subsequently rejected the three "companion" creditor's claims. Thereafter, the "companion" plaintiffs moved to substitute petitioners for Hughes as party defendants in their pending actions. Respondent court granted the motion, and complaints were served upon the petitioners. Petitioners now seek a writ of prohibition to quash service and bar substitution.

1.  NRCP 25(a)(1) provides in pertinent part: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. . . ." Petitioners construe the above language to require the deceased to be a "party" jurisdictionally before the court. In their view, since Howard Hughes was never served with process, the district court lacked in personam jurisdiction to make any substitution after his death. Such a restrictive interpretation of the identical federal rule has been previously rejected. *See* Ransom v. Brennan, 437 F.2d 513 (5th Cir. 1971), cert. denied 403 U.S. 904 (1971); Bertsch v. Canterbury, 18 F.R.D. 23 (S.D. Cal. 1955). "If an action was commenced by the filing of a complaint but a party named in the complaint dies, . . . before he is served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction." Wright & Miller, *Federal Practice and Procedure, Civil,* § 1951 (1972); *see also* Vol. 3B, *Moore's Federal Practice,*

25.05, (2nd ed. 1977).

We adopt the interpretation of the federal courts. In our view, NRCP 25(a)(1) is a necessary procedural device which prevents a party's death from destroying an otherwise valid cause of action. *Cf.* Walker v. Burkham, 68 Nev. 250, 229 P.2d

---

[1]This court recently confirmed Summa's option. *See* Summa Corp. v. Richardson, 93 Nev. 228, 564 P.2d 181 (1977).

158 (1951). The district court therefore acted within its discretion by making the substitution, and the petition is denied.

2. The parties have conceded that the causes of action for ejectment (case no. A126151) and abuse of process (case no. A126150) were rendered moot by our holding in Summa Corp. v. Richardson, 93 Nev. 228, 564 P.2d 181 (1977). Of course, those complaints should be dismissed.

BATJER, C. J., and MOWBRAY, MANOUKIAN, and ZENOFF,[2] JJ., concur.