BRENDA BARTO, Appellant, *v.* CHARLES WEISHAAR, d/b/a MILEX PRECISION AUTO TUNEUP, Respondent.

No. 15163

January 3, 1985 692 P.2d 498

*Gentile & Massi*, and *Gene T. Porter,* Las Vegas, for Appellant.

*Morse-Foley,* and *Kevin C. Sewell,* Las Vegas, for Respondent.

28 

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondent's motion to dismiss appellant's complaint with prejudice. On December 19, 1980, appellant filed her complaint against respondent, seeking, in part, recovery for personal injuries she allegedly sustained as a result of respondent's negligence. Respondent subsequently answered the complaint, and the parties pursued discovery.

On August 14, 1982, respondent died. Respondent's counsel filed a suggestion of death upon the record, pursuant to NRCP 25(a)(1), on December 8, 1982. The suggestion of death did not contain the name of respondent's successor representative. Thereafter, in April of 1983, respondent's counsel moved to dismiss appellant's complaint on the ground that she had failed to effectuate substitution of a proper party within the ninety days prescribed by NRCP 25(a)(1).[1]

Following a hearing, the district court denied the motion to dismiss, and allowed appellant sixty days within which to effectuate substitution. Thereafter, on the sixtieth day following the lower court's ruling, appellant filed a motion to substitute the public administrator of Clark County, allegedly having located no other representative. On August 15, 1983, the district court conducted another hearing on the matter and, having concluded that the public administrator was not a proper party for substitution, dismissed appellant's complaint on the ground that appellant failed to substitute timely a proper party litigant under NRCP 25(a)(1).

Appellant contends that the district court improperly dismissed her action because a suggestion of death filed pursuant to NRCP 25(a)(1) must either be made by the successor in interest to the deceased, or must identify the successor representative. Absent

---

[1]NRCP 25(a)(1) provides in pertinent part:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties . . . *Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.* (Emphasis added.)

such information, appellant contends, the suggestion of death is ineffective, and therefore cannot operate to trigger the ninety-day filing limitation contained in NRCP 25(a)(1). We agree, and therefore we reverse the district court's order.

Whether the suggestion of death must be made by, or identify, the successor or representative of the deceased is an issue which we have not previously addressed. In a similar case, the federal appellate court in Rende v. Kay, 415 F.2d 983 (D.C. Cir. 1969), interpreted the identical federal rule, FRCP 25(a)(1), and held that a suggestion of death "which was neither filed by nor identified a successor or representative of the deceased . . . was ineffective to trigger the running of the 90-day period provided by [FRCP 25(a)(1)]." *Id.* at 984. In examining the history of FRCP 25(a)(1), the court noted that the Advisory Committee on the Rules of Civil Procedure "plainly contemplated that the suggestion [of death] emanating from the side of the deceased would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party . . ."[2] *Id.* at 985. The court also reasoned that any other construction "would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." *Id.* at 986. The court concluded that no injustice would befall a defendant as a result of this requirement.

We agree with the reasoning in *Rende,* and therefore reject the contrary approach urged by respondent and followed by the Colorado Court in Farmers Insurance Gr. v. District Court of Sec. J.D., 507 P.2d 865 (Colo. 1973). Because the suggestion of death in the present case was neither filed by nor identified a successor or representative of the deceased, we hold that the ninety-day limitation in NRCP 25(a)(1) was never triggered, and, therefore, the district court improperly dismissed appellant's action.

Reversed and remanded.[3]

---

[2]The federal court of appeals also referred to federal form 30 which provides:

> A.B. [describe as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, pursuant to Rule 25(a)(1), the death of C.D. [describe as party] during the pendency of this action.

Suggested form 30, appended to the NRCP and approved of by NRCP 84, is identical to the federal form 30.

[3]The HONORABLE JOHN MOWBRAY voluntarily recused himself from consideration of this case.