753 P.2d 166

**Raymond N. VARELA, and Edna Varela, individually and as husband and wife, Nadine Varela, Debbie Varela, Janice Varela, and Rachel Varela, Plaintiffs/Appellants,**

v.

**Jane ROMAN, Defendant/Appellee.**

**No. 2 CA–CV 87–0126.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 17, 1987.

Reconsideration Denied Dec. 15, 1987.

Review Denied May 3, 1988.

Lionel F. Larriva, Tucson, for plaintiffs/appellants.

Bury, Moeller, Humphrey & O'Meara by David Bury, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the trial court's denial of a motion for substitution of parties.

Appellants were tenants in a residence owned by appellee. After a house fire in which appellants' property was destroyed, they filed suit against appellee alleging faulty wiring as the cause of the fire. Suit was filed July 3, 1984. Appellee died July 3, 1985. Co-personal representatives were appointed January 16, 1986. Appellants filed a motion for substitution of parties on January 6, 1987. The trial court denied the motion and granted summary judgment for appellee.

Appellants argue that the requirements of Rule 25(a), Ariz.R.Civ.P., 16 A.R.S., were not complied with by appellee and therefore their motion was timely. The rule states:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Appellants maintain that no suggestion of death was made upon the record and therefore the 90-day period specified in the rule had not begun to run. We agree and reverse.

The rule clearly states that the suggestion of death must be made "upon the record by service of a statement of the fact of the death as provided herein for the service of the motion." The motion referred to is the motion for substitution which must be served pursuant to Rule 5, which governs the service and filing of pleadings and other papers. Rule 5, Ariz. R.Civ.P., 16 A.R.S. Appellants correctly claim that no suggestion of appellee's death was ever made upon the record and served as required by Rule 5.

Appellee's attorney argues that the record indicates that appellants' attorney was aware of the fact of appellee's death. In correspondence between attorneys, which is part of the record, appellee's death is mentioned. Based upon this, it is argued that appellants had actual notice of the death no later than October 3, 1986, therefore the motion, filed January 6, 1987, was untimely. The problem with appellee's argument is that the requirements of Rule 25(a) are specific, and we believe they have not been fulfilled.

This case is one of first impression in Arizona. Because Arizona has substantially adopted the Federal Rules of Civil Procedure, great weight is given to federal interpretations of the rules. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971).

In *Gronowicz v. Leonard*, 109 F.R.D. 624 (S.D.N.Y.1986), the court addressed a situation similar to that before us. There,

as here, there was an exchange of correspondence between attorneys in which the fact of the death of one of the parties was mentioned. The court there stated: "... nor is there any indication that the letters were served and filed pursuant to Rule 5. Thus, no valid suggestion of death has been made and the 90 day period did not commence based on the letters." Id. at 627. A similar result should obtain here.

Even though appellee's counsel mentioned the fact of appellee's death in a motion filed with the court wherein he moved to withdraw as counsel, we do not believe that was sufficient to trigger the 90–day period of Rule 25(a)(1).

We believe the rule plainly contemplates that the suggestion of death be filed by a party or the representative of the deceased party. Appellee's counsel was neither at the time he filed his motion to withdraw. He clearly was not a party to the action and the record reveals that others were appointed as personal representatives of the deceased's estate. Furthermore, his motion failed to identify the personal representatives. We agree with the holding in *Rende v. Kay*, 415 F.2d 983 (D.C.1969), where the court, dealing with the identical federal rule, Fed.R.Civ.P. 25(a)(1), held that a suggestion of death which was neither filed by nor identified by a successor or representative of the deceased, thereby giving no indication of who was available or who was to be named in substitution, opened the door to "... a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." 415 F.2d at 986. The court in *Rende v. Kay* observed that the 90–day period was not intended as a bar to meritorious actions. The court also noted that:

> No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased. If the heirs or counsel fear that delay may prejudice the litigation they may move promptly for appointment of a representative, per-

haps a temporary representative, either under the law of the domicile or by special order in the court wherein the litigation is pending.

Id.

In the instant case no suggestion of death was placed on the record by a successor or representative of the deceased, nor did it identify such individual, and it was therefore ineffective to trigger the 90–day period. See also *Barto v. Weishaar*, 101 Nev. 27, 692 P.2d 498 (1985).

There having been no proper suggestion of death as required by Arizona's Rule 25(a), the order denying appellants' motion for substitution of parties is reversed. The motion having been timely made, the trial court is directed to permit the substitution. Reversed with directions.

LACAGNINA, C.J., and HOWARD, P.J., concur.