PILATES, INC., Plaintiff,

v.

GEORGETOWN BODYWORKS DEEP MUSCLE MASSAGE CENTERS, INC., a/k/a Georgetown Bodyworks Fitness Centers, Inc., and Willard A. Green, Individually, Defendants.

Willard A. Green, Defendant and Counterplaintiff,

v.

Pilates, Inc., Plaintiff and Counterdefendant.

Civ.A. No. 95–1771 WBB.

United States District Court, District of Columbia.

April 10, 2000.

Joshua Jacob Kaufman, Tucker Flyer, Washington, DC, Kenneth L. Bressler, Kalow, Springut & Bressler, New York City, Andrew Multer, Larry Miller, Office of Legal Counsel, New York City, for Pilates, Inc., plaintiff.

David Kessler, Daniel Abraham Ball, Lewis Goldberg & Ball, McLean, VA, for Georgetown Bodyworks Deep Muscle Massage Centers, Inc., aka Georgetown Bodyworks Fitness Centers, Inc. and Willard A. Green.

### *MEMORANDUM ORDER*

KAY, United States Magistrate Judge.

Pending before the Court was Defendant and Counterplaintiff Willard A. Green's (hereinafter "Defendant") Motion to Renew his Motion to Compel Production of Documents ("Motion") [docket number 68, relating to docket number 43] and Plaintiff and Counterdefendant Pilates, Inc.'s (hereinafter "Plaintiff") Opposition to the Motion to Renew ("Opposition") [docket number 69, relating to docket number 46]. The parties submitted a Joint Statement of Issues to be Raised at the Hearing on these matters ("Joint Statement"); a hearing was held on January 12, 2000. This Memorandum Order sets forth the Court's rulings and an explanation thereof.

The Defendant's Motion requested this Court to compel several categories of documents and testimony from the Plaintiff, including (1) responses to certain deposition questions propounded to Elyssa Rosenberg and Sean Gallagher; (2) supplemental responses to deposition questions propounded to Elyssa Rosenberg and Sean Gallagher, where the deponent responded with a "need to check their files"; (3) documents respon-

sive to document production requests and a deposition request; (4) documents, which are presumably not privileged; and (5) supplementation of the privilege log.

## A. Unanswered Deposition Questions

■ In the case at issue, Plaintiff's counsel objected to a number of deposition questions posed during the depositions of Elyssa Rosenberg and Sean Gallagher.[1] In many cases, the deponent then failed to respond to the question.[2] Defendant has moved this Court to compel the testimony. Federal Rule of Civil Procedure 30(d)(1) forbids a party to instruct a deponent to refuse to answer a question unless such instruction is necessary to preserve a privilege, to enforce a limitation on evidence imposed by the court, or to permit the making of a motion for a protective order under Rule 30(d)(3).

Where there is no claim of privilege in relation to questions asked on deposition, Rule 30(d)(1) and Rule 26 relating to the scope of discovery should be strictly applied. *Preyer v. U.S. Lines*, 64 F.R.D. 430 (E.D.Pa. 1973). *See also Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y.1965) (the counsel for a party has no right to impose silence or instruct witnesses not to answer); *Drew v. International Broth. of Sulphite and Paper Mill Workers*, 37 F.R.D. 446 (D.D.C.1965) (the better practice would be for attorneys to note their objections during the deposition and permit their clients to answer the questions, leaving the resolution of objections to pretrial or trial); *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir.1977) (citing *Wright & Miller*) (action of plaintiff's counsel in directing its principal witness not to answer questions posed during deposition was indefensible and at variance with discovery rules; if plaintiff's counsel had any objection, he should have placed it on the record and the evidence would have been taken subject to such objection.)

1. Objections were generally not based on the assertion of a privilege.

2. In many cases, the witness was instructed not to answer the question.

3. Sean Gallagher, President of Pilates, Inc., and Elyssa Rosenberg, Associate Director of the Pi-

The majority of the objections noted by Plaintiff's counsel in this case were not based on any privilege; thus, the witness will be redeposed and directed to answer questions where privilege is not asserted. The parties have agreed that depositions will be reconvened via telephone or in person, in New York, New York.

## B. Deposition Questions where Deponent indicated a "need to check records"

■ During the depositions of Sean Gallagher and Elyssa Rosenberg, the deponents stated their need to check various files before they could respond in full to the question. Defendant has moved for an order compelling deponents[3] to "supplement" their previous responses. The Federal Rules of Civil Procedure impose no affirmative duty for deponents to supplement deposition testimony and the Court recognizes that witnesses assert a lack of knowledge or memory, if appropriate. Nonetheless, the deponents here affirmatively stated a need to check their files in order to respond. Based on these responses, the Defendant properly assumed that the deponents agreed to check their files and would supplement their responses.

The Court finds that a deponent may not evade responding to deposition questions by indicating a need to check their files. Accordingly, Sean Gallagher and Elyssa Rosenberg will supplement their responses.

## C. Document Requests

During the January 12 hearing, Plaintiff agreed to provide the Defendant with copies of all deposition transcripts and exhibits from any prior or pending litigation relating to the trademark "PILATES", upon receipt of a specific list of deponents provided by the Defendant. Plaintiff further agreed to provide copies of Pilates, Inc. Federal Income

lates Studio, a corporation owned and operated by Pilates, Inc., were not subpoenaed under Fed. R.Civ.P. 30(b)(6); however, they did answer questions on behalf of and with regard to Pilates, Inc. and they would have been appropriate as 30(b)(6) witnesses based on their positions.

Tax returns for tax years 1998 and 1999, if filed.

## D. Assertion of Attorney–Client Privilege for documents on privilege log

■ Plaintiff has asserted an attorney-client privilege with respect to documents listed on its privilege log, pertaining to correspondence between attorneys and corporate client entities other than Pilates, Inc. Defendant contends that Plaintiff may not assert the attorney-client privilege for documents between Wee–Tai Hom and his counsel; Lari Stanton and his counsel; Romana Kryanowska and her counsel; or other former owners of the trademarks and their counsel. Defendant contends neither Pilates, Inc. nor Mr. Gallagher are or have been in privity with the former owners of the marks. None of the former owners are or have been an officer, employee, director, partner, shareholder or agent of Pilates, Inc. They allege further the fact that Pilates, Inc. and Mr. Gallagher have in their possession documents which contain an exchange of information between the former owners of the marks and their counsel waives any privilege that may have existed. Finally, as to the documents between Mr. Hom and his counsel, David Kalow, Defendant notes that Mr. Kalow was not serving as Pilates' or Mr. Gallagher's counsel at the time the documents were drafted.

During the January 12, 2000 hearing, Plaintiff relied upon a number of cases not previously cited in support of its proposition that Pilates may assert an attorney-client privilege with regard to documents exchanged by third parties.[4]

Plaintiff does not dispute that "as regards the mere assignment of a trademark, without anything else, there are cases which hold that such a transfer does not automatically include the assignment of the attorney-client privilege." Plaintiff's Letter # 2. *See FDIC v. McAtee*, 124 F.R.D. 662, 663 (D.Kan.1988) ("the transfer of assets from one entity to another does not generally transfer the attorney-client privilege") and *SMI Indus. Canada Ltd. v. Caelter Indus., Inc.*, 586 F.Supp. 808, 815–16 (N.D.N.Y.1984) (holding that the assignment of a trademark/receipt of assets from a law firm's former client does not confer "former client" status on the assignee).

In fact, both parties cited to the Court the proposition that "[t]he right to assert the attorney client privilege is an incident of **control of the corporation** and remains with the corporation as it undergoes **mergers, takeovers and name changes.**" *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) (as interpreted by *NCL Corp. v. Lone Star Bldg. Ctrs. (Eastern) Inc.*, 144 B.R. 170, 174 (S.D.Fla.1992)) (emphasis added). *See also O'Leary v. Purcell Company, Inc.*, 108 F.R.D. 641 (M.D.N.C.1985) (a surviving corporation after a merger may assert an attorney-client privilege as to documents produced by the merged subsidiary prior to the merger since it succeeded to all rights, privileges and powers of the former subsidiary.)

Thus, the dispute before the Court focuses on what was acquired by Mr. Gallagher when he purchased the Pilates trademarks from Healite and whether that acquisition included the Healite corporation. The record evidence reflects that Pilates, Inc. purchased the "Pilates" and "Pilates Studio" marks from Healite, Inc. in consideration for approximately $17,000. Healite, Inc. had closed its Pilates studio and sold some of its physical assets, including exercise equipment and client list, to various other business entities, such as Sichel Chiropractic and Drago's Gym. Mr. Gallagher personally purchased the trademarks in August 1992. Thereafter Gallagher formed Pilates, Inc. a Montana corporation headquartered in New York, but did not convey ownership of the marks to Pilates, Inc. until 1994.

There is no assertion by Plaintiff that Mr. Gallagher acquired any stock of Healite, Inc.

---

4. The Court granted Defendant leave to respond to the cases cited by Plaintiff [Defendant Letter # 1]. Thereafter Plaintiff submitted a letter to the Court dated January 24, 2000 [Plaintiff Letter # 1], which disputes Defendant's characterization of what property rights were acquired by Mr. Gallagher from Healite, Inc. Defendant replied with another letter dated January 31, 2000 [Defendant Letter # 2] in support of its position. Plaintiff responded by a letter dated February 1, 2000 [Plaintiff Letter # 2].

or any other financial assets other than the two marks.[5] In this case, there was no merger, takeover or consolidation of Healite, Inc. by Mr. Gallagher/Pilates, Inc. nor was Pilates, Inc. a successor-in-interest to Healite, Inc. Thus, there was no transfer of control of Healite, Inc. to Mr. Gallagher/Pilates, Inc.

At the January, 12, 2000 hearing, Plaintiff also cited *Ramada Franchise System v. Hotel of Gainesville Associates*, 988 F.Supp. 1460 (N.D.Ga.1997) and *Graco Children's Prods., Inc. v. Regalo Int'l LLC*, 1999 WL 553478 (E.D.Pa. July 29, 1999). These cases are factually inapposite. *Ramada* relates to bankruptcy and a change of **control** of the subject corporation, while *Graco* involves the **purchase of substantial assets,** including the seller's physical operations in several cities, along with working capital and brand names. In contrast, Mr. Gallagher obtained no control of Healite, Inc. nor did he purchase assets other than the trademarks.

Pilates, Inc., as the assignee of the marks, cannot qualify as a surviving corporation because the assignor of the marks was Mr. Gallagher who purchased them from Healite, Inc. Thus, Plaintiff has presented no basis for this Court to find that it is entitled to assert an attorney-client privilege on behalf of former owners of the marks and their counsel. Accordingly, Plaintiff will produce the documents requested by Defendant that were withheld on the basis of attorney/client privilege.

## E. Privilege Log

Plaintiff has been instructed to supplement its privilege log of documents noted in the Joint Statement to provide the Defendant with notice of the subject matter of those documents.

## F. Conclusion

Upon consideration of Defendant's Motion to Renew his Motion to Compel Production of Documents [68, relating to 43], Plaintiff's Opposition thereto, and oral argument having been heard, it is this 7 day of April, 2000,

**ORDERED,** that with regard to the unanswered deposition questions of Elyssa Rosenberg and Sean Gallagher, Plaintiff's objections are overruled, with the exception of the objections to the following questions, which are sustained: Rosenberg questions 13–14 (duplicative question); Gallagher questions 1–2 (asked and answered), 7 (attorney-client privilege), and 12 (attorney-client privilege) and it is further

**ORDERED,** that with regard to the deposition questions of Elyssa Rosenberg and Sean Gallagher where deponents indicate a need to check files, the deponents will supplement their responses in writing, under oath and it is further

**ORDERED,** that following Defendant's submission of a list, Plaintiff will produce copies of transcripts and exhibits from prior or pending litigation, as well as a copy of federal income tax returns for Pilates, Inc. for tax years 1998 and 1999, and it is further

**ORDERED,** that Plaintiff will produce the documents noted on the Joint Statement under the heading of "Privilege Logs—Documents Not Subject to Privilege" (75 documents Bates-numbered 2–628), and it is further

**ORDERED,** that Plaintiff will supplement the description of the documents listed on the Joint Statement under the heading "Documents Not Meeting Privilege Log Requirements" (21 documents Bates-numbered 263–1111).

---

5. Plaintiff does however submit that Mr. Gallagher acquired archival materials, a few pieces of equipment, and a teacher training manual.