An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARK PEAK DRIVE HOMEOWNERS ASSOCIATION, INC., ET AL.,
Appellants/Cross-Respondents,
vs.
DEL WEBB COMMUNITIES OF NEVADA, INC., ET AL.,
Respondents/Cross-Appellants.

No. 54884

**FILED**

JUN 27 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal and cross-appeal from a district court judgment on a jury verdict, certified as final under NRCP 54(b), in a construction defect action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

## FACTS AND PROCEDURAL HISTORY

The underlying case involved over 900 plaintiffs comprised of homeowners and homeowner associations within the Sun City Summerlin housing development. The case began as an attempted class action, but after the district court denied class certification, it proceeded as a joinder action. The primary defect raised by plaintiffs involved the stucco system used in constructing the homes. Following a trial and jury deliberations that spanned several months, the jury returned a verdict awarding damages to 71 plaintiffs but nothing to the remaining plaintiffs. Plaintiffs appealed and defendants cross-appealed.

## DISCUSSION

On appeal, appellants/cross-respondents (hereinafter referred to as appellants) argue that the district court (1) improperly indicated to the jury that appellants were required to prove both that defects existed and that those defects caused physical damage apart from the defects themselves; (2) abused its discretion in not granting class action certification; (3) incorrectly ruled that numerous appellants who had sold their homes, and had thus transferred ownership, should be dismissed from the case while simultaneously ruling that the new homeowners could not be substituted into the place of the previous homeowners; and (4) gave the jury erroneous jury instructions on the issue of willful misconduct.

On cross-appeal, respondents/cross-appellants (hereinafter referred to as respondents) assert that the jury verdicts and judgments in their favor should be affirmed. But they challenge the verdicts and judgments in favor of the successful appellants, arguing that appellants had to prove damages to their homes in addition to just proving that there

SUPREME COURT
OF
NEVADA

(O) 1947A

was a construction defect. Thus, respondents contend that the district court improperly instructed the jury on this point. Additionally, respondents argue that the district court erred by denying their motion for judgment as a matter of law as to all of appellants' claims, based on appellants' failure to meet the notice and opportunity to repair requirements established under NRS Chapter 40 for construction defect cases.

*Recovery for a construction defect*

We begin by considering the issue of whether recovery for a construction defect is permissible once a defect is proven, or if other physical damage caused by the defect must be established. Appellants assert that the district court made an erroneous ruling early in the proceedings when it ruled that they were required to prove resulting physical damage from the defects. They contend that this ruling resulted in jury confusion and conflicting jury verdicts. As a result, appellants argue that this court must reverse the judgment and remand for a new trial as to the claims on which the jury found both a defect and negligence, but failed to award damages. Conversely, respondents argue that because appellants seek recovery for NRS Chapter 40 construction defects based on a negligence cause of action, appellants must prove that the defect caused physical damage in order to recover. Respondents assert that proving a defect only establishes a duty and breach of duty, and thus, the elements of causation and damages necessary to recover under a negligence theory cannot be established without resulting physical damage. Appellants counter that they met the necessary requirements of

causation and damage by proving that the defect in the stucco system was itself the damage because it caused the need for repair.

The parties' arguments implicate the economic loss doctrine, which differentiates recovery under tort and contract theories and mandates that a plaintiff cannot recover solely economic losses under a negligence-based theory because such losses are limited to contract and warranty theories of law. *Calloway v. City of Reno*, 116 Nev. 250, 256-57, 993 P.2d 1259, 1263 (2000), *overruled on other grounds by Olson v. Richard*, 120 Nev. 240, 89 P.3d 31 (2004). But this court has previously determined that the economic loss doctrine does not apply in Chapter 40 residential construction defect claims, *Olson*, 120 Nev. at 243-44, 89 P.3d at 32-33; *see also Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 71 n.3, 206 P.3d 81, 85 n.3 (2009) (recognizing *Olson*'s conclusion that the economic loss doctrine does not apply to prevent tort claims "in which the plaintiffs seek to recover purely economic losses resulting from alleged construction defects"), and thus, a plaintiff can recover under a negligence theory for solely economic losses resulting from a defect. *Id., see Skender v. Brunsonbuilt Constr. & Dev. Co.*, 122 Nev. 1430, 1435, 148 P.3d 710, 714 (2006). Consequently, we conclude that respondents' argument that the negligence cause of action cannot be maintained without proof of resulting physical damage is unpersuasive.[1]

---

[1]In light of this conclusion, we need not address the parties' statutory construction arguments.

*Terracon Consultants*, 125 Nev. at 71 n.3, 206 P.3d at 85 n.3; *Olson*, 120 Nev. at 243-44, 89 P.3d at 32-33.

Whether proving a defect is sufficient to establish a right to recovery of damages remains unanswered, however.[2] The construction defect scheme set forth in NRS Chapter 40 does not create any new theories of liability; thus, appellants can only recover on a recognized common-law theory. *See Westpark Owners' Ass'n v. Eighth Judicial Dist. Court*, 123 Nev. 349, 357, 167 P.3d 421, 427 (2007). Here, the issue is whether appellants can recover on their negligence claim by proving only that a defect exists, without any further proof that an economic loss or some measurable form of damages has actually occurred. Recovery on a negligence cause of action requires proof of a duty, breach of that duty, causation, and damages. *See Turner v. Mandalay Sports Entm't, LLC*, 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008). While appellants can recover solely economic losses as damages, they still must prove that they have suffered an economic loss.

In order to recover damages, appellants must show that a repair of the defect is actually necessary. This does not require showing that a defect has caused damage, but it does require showing that a defect is reasonably likely to cause damage. The only damages appellants seek to recover are the cost of repair of the stucco system on each home.

---

[2]We conclude that respondents' argument that the jury did not find that a construction defect existed lacks merit.

Accordingly, we conclude that appellants must show that such a repair is necessary in order to meet the damages requirement for their negligence cause of action. Such an outcome harmonizes appellants' burden of proving each factor for their negligence cause of action with this court's prior decisions concluding that a plaintiff can recover for solely economic losses. As the issue of whether a repair is necessary is a question of fact for the jury, and the jury was not asked to determine this issue in the prior trial, we reverse the judgment against all appellants for which the jury found respondents negligent but did not award damages and remand this matter to the district court for a new trial on causation and damages as to those appellants.[3]

---

[3]Respondents contend that a new trial is not warranted because the jury was instructed by the district court that no physical damages were required, and therefore, the jury was instructed according to appellants' theory and still did not award most appellants damages. We reject this argument as the district court incorrectly ruled initially that physical damages were required and the parties tried the case under this erroneous ruling, which was only corrected during jury deliberations after the jury had been instructed and closing arguments had occurred. This resulted in jury confusion and conflicting jury verdicts. Accordingly, a new trial on causation and damages is necessary so that the jury can properly consider whether a repair is necessary as to appellants' homes in order to determine if they are entitled to damages for respondents' negligent construction. *See Cook v. Sunrise Hosp. & Med. Ctr., LLC*, 124 Nev. 997, 1006, 194 P.3d 1214, 1219 (2008) (holding that when there is error in a jury instruction "prejudice must be established in order to reverse a district court judgment," and this is done by "showing that, but for the error, a different result might have been reached").

In regard to respondents' cross-appeal challenging the judgment awarding damages to 71 plaintiffs, we affirm the district court's judgment. In light of our decision as to what is required for recovery of a construction defect in a negligence-based cause of action, we conclude that the jury verdict sufficiently demonstrates that these 71 plaintiffs met the necessary burden of proof such that the jury's verdict awarding damages to these plaintiffs will not be disturbed on appeal.

*Issues on remand*

Appellants raise two arguments that they assert the district court improperly decided and that need to be addressed as part of a remand for a new trial. First, appellants argue that the district court abused its discretion in ruling that the homeowners' trial testimony about damages to their homes would be limited by their deposition testimony and that the homeowners could not testify to any new damages that occurred between the time of their deposition and trial. Second, appellants argue that it was an abuse of discretion to instruct the jury on comparative negligence and failure to mitigate damages, asserting that these defenses were inapplicable. Respondents did not address the first issue in their answering brief, but they counter the second issue and argue that the evidence they presented at trial entitled them to the jury instructions on both defenses.

In regard to the homeowners' testimony, appellants correctly argue that NRCP 26(e) does not require lay witnesses to supplement their deposition testimony before trial. The drafter's note to NRCP 26(e) states that the rule provisions concerning supplementing disclosures and responses apply only to expert depositions. This conclusion has also been

SUPREME COURT
OF
NEVADA

(O) 1947A

reached in several jurisdictions addressing the issue. *See Pilates, Inc. v. Georgetown Bodyworks*, 201 F.R.D. 261, 262 (D.D.C. 2000) (recognizing that "[t]he Federal Rules of Civil Procedure impose no affirmative duty for deponents to supplement deposition testimony"); *Titus Cnty. Hosp. Dist./Titus Cnty. Mem'l Hosp. v. Lucas*, 988 S.W.2d 740, 740 (Tex. 1998) (holding that the similar Texas rule does not apply to deposition testimony and requiring supplementing of deposition testimony would "impose too great a burden on litigants"); *see also United States ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 456-57 (4th Cir. 2011) (recognizing that the federal rule equivalent to NRCP 26(e) generally does not require supplementing nonexpert deposition testimony). Accordingly, we conclude that the district court abused its discretion in preventing the homeowners from testifying as to further damage to their homes that allegedly occurred after their depositions.

As for appellants' challenge concerning comparative negligence and failure to mitigate damages, we conclude that the district court properly presented these defenses to the jury for consideration because both of these issues involved questions of fact. *See Shuette v. Beazer Homes Holding Corp.*, 121 Nev. 837, 859-60, 124 P.3d 530, 545-46 (2005) (explaining when comparative negligence and failure to mitigate damages may appropriately be raised as defenses in a construction defect case).

*Class action certification*

We next consider appellants' argument that the district court abused its discretion in denying class action certification.[4] NRCP 23(a) outlines the requirements for certifying a class action:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to these four prerequisites, a class action can only be certified if one of three subsections outlined in NRCP 23(b) are met. In the present case, appellants sought certification under NRCP 23(b)(3), which requires

---

[4]We reject respondents' contention that appellants lack standing to challenge the district court's ruling concerning class action certification. Respondents provide no legal authority to support their standing argument, and therefore, this court does not need to address this issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority). Regardless, several federal and state courts have held that a party who loses on an individual claim or whose individual claim becomes moot still has standing to challenge the denial of class certification on appeal. *See Alexander v. Gino's, Inc.*, 621 F.2d 71, 73 (3d Cir. 1980); *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 276 (10th Cir. 1977); *Robichaud v. Hewlett Packard Co.*, 848 A.2d 495, 498 (Conn. Ct. App. 2004). Here, appellants have successfully challenged the district court judgment against them on their negligence cause of action, and therefore, they have an even stronger basis for standing.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

that the district court "find[ ] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." NRCP 23(b)(3). These requirements are referred to as predominance and superiority. *Shuette*, 121 Nev. at 850-52, 124 P.3d at 540-41. This court reviews a district court's class action certification ruling for an abuse of discretion. *Id.* at 846, 124 P.3d at 537.

Based on our ruling that appellants must show that repair of the defect is necessary in order to recover damages, we conclude that appellants cannot meet the predominance requirement. Under predominance, "[t]he importance of the common questions must predominate over the importance of questions peculiar to individual class members." *Id.* at 850-51, 124 P.3d at 540. This requirement looks to whether the claims of the class members are sufficiently similar and based on the same legal theories such that the common questions of the class predominate over individual issues of class members or defenses raised against individual class members. *Id.* at 850-51, 124 P.3d at 540. As each appellant must prove that it is necessary for his or her home to be repaired, which is a factual determination for the jury, we conclude that the common class question does not predominate over the individualized issues. Thus, the district court did not abuse its discretion in denying class action certification.

*Substitution of subsequent homeowners*

Appellants also argue on appeal that the district court abused its discretion by denying the substitution of the new homeowner purchasers and simultaneously dismissing the former homeowners. They assert that, under NRCP 25(c), the district court had to either allow substitution or allow the previous homeowners to continue to proceed. We review the district court's decision on whether to allow substitution for an abuse of discretion. *Cf. Lummis v. Eighth Judicial Dist. Court*, 94 Nev. 114, 116, 576 P.2d 272, 273 (1978) (applying an abuse of discretion standard to a district court's substitution decision under NRCP 25(a)); *see also Rahmati v. Mehri*, 452 A.2d 638, 640-41 (Conn. 1982) (stating that a court has discretion in ruling on a motion to substitute).

First, we conclude that the district court did not abuse its discretion in denying the motion to substitute the new homeowners, since that motion was not filed until after the plaintiffs' presentation of their evidence. Second, while appellants correctly assert on appeal that an original party can continue to proceed in an action if substitution is not allowed, *see ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190-91 (8th Cir. 1995); *Triple Quest, Inc. v. Cleveland Gear Co.*, 627 N.W.2d 379, 383 (N.D. 2001), appellants failed to make this argument in the district court before the district court entered judgment as a matter of law against the original homeowners. The original homeowners never requested to remain as parties in the district court proceedings if the new homeowners were not permitted to substitute, and thus, we conclude that this argument is waived. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that this court will not consider an

issue raised for the first time on appeal). Moreover, the original homeowners had a judgment entered against them and there was technically no "claim" pending for which the new homeowners could be substituted. *Cf.* NRAP 25(c). Accordingly, we affirm the district court's decision on the substitution issue.

*Willful misconduct jury instruction*

In the district court, appellants argued that no statute of repose should apply in this case. Under NRS 11.202, there is no statute of repose in cases where a construction defect was the result of willful misconduct. The issue of willful misconduct was presented to the jury, and the jury returned a verdict finding no willful misconduct by respondents. Appellants argue on appeal that the district court incorrectly instructed the jury on what constituted willful misconduct for statute of repose purposes under NRS 11.202.

This court reviews a district court's jury instruction for an abuse of discretion, *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 319, 212 P.3d 318, 331 (2009), and an error in a jury instruction warrants reversal only if the error was prejudicial. *See Cook v. Sunrise Hosp. & Med. Ctr., LLC*, 124 Nev. 997, 1006, 194 P.3d 1214, 1219 (2008) (holding that when there is error in a jury instruction, "prejudice must be established in order to reverse a district court judgment," and this is done by "showing that, but for the error, a different result might have been reached"). Appellants argue that willful misconduct existed if respondents knew or should have known that they were building in a manner that was inconsistent with established standards of care. But this court has held that willful misconduct requires an intent to harm. *Tahoe Village Homeowners Ass'n*

SUPREME COURT
OF
NEVADA

(O) 1947A

*v. Douglas Cnty.*, 106 Nev. 660, 663, 799 P.2d 556, 558 (1990) (addressing NRS 11.202 and explaining that "[w]illful misconduct requires some degree of intent to do harm"). As the district court instructed the jury on a standard lower than this, the district court abused its discretion, but a remand for a new trial is unnecessary given that the jury found that appellants failed to meet even the lower burden on which the district court based its jury instruction. Therefore, appellants cannot show the necessary prejudicial harm.[5] *Cook*, 124 Nev. at 1006, 194 P.3d at 1219. Accordingly, we affirm the district court's dismissal of those appellants whose claims were brought beyond the applicable statute of repose.

*Chapter 40 notice requirements*

On cross-appeal, respondents argue that appellants failed to meet the notice requirements outlined under NRS Chapter 40 and, as a result, all of appellants' claims should be dismissed pursuant to NRS 40.647(2)(a). But NRS 40.647(2)(b) clearly states that if dismissal would prevent a claimant from pursuing a claim because the statute of limitations or statute of repose had expired, then only a stay of the proceedings is warranted. As such was the situation here, subsection 2(b) applies instead of 2(a). Thus, respondents' argument that dismissal is mandated lacks merit. Respondents fail to provide any authority for their

---

[5]We reject appellants' contention that the district court's errors on the issue of whether resulting physical damage was necessary to recover for a construction defect caused jury confusion on the issue of willful misconduct. Further, we conclude that appellants waived their challenge to the scope of the jury instruction on willful misconduct by failing to object to this portion of the jury instruction in district court.

remaining arguments on cross-appeal as to this issue; therefore, we need not consider the issue further. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006). Accordingly, we reject respondents' cross-appeal on this issue.

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                            Hardesty

_____, J.        _____, J.
Parraguirre                          Douglas

_____, J.        _____, J.
Cherry                               Saitta

[6]Based on our resolution of this appeal, the award of attorney fees and costs in favor of respondents as to those appellants entitled to a new trial on causation and damages is necessarily reversed and remanded. We affirm the award of attorney fees and costs in favor of the 71 plaintiffs who recovered damages and reject respondents' contention that these plaintiffs cannot recover the damages, attorney fees, and costs awarded based on a failure to meet the Chapter 40 notice requirements.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Sterling Law, LLC
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Lewis Roca Rothgerber LLP/Las Vegas
Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
Eighth District Court Clerk
Hon. Susan Johnson

SUPREME COURT
OF
NEVADA

(O) 1947A