135 Nev., Advance Opinion 52

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES MCNAMEE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
   and
GIANN BIANCHI; AND DARA
DELPRIORE,
Real Parties in Interest.

No. 76904

**FILED**

OCT 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for writ of mandamus challenging an order denying a motion to dismiss based on the failure to timely substitute the representative of a deceased party under NRCP 25.

*Petition granted in part.*

Pyatt Silvestri and Jeffrey J. Orr, Las Vegas; Solomon Dwiggins & Freer, Ltd., and Alexander G. LeVeque and Tess E. Johnson, Las Vegas,
for Petitioner.

Campbell & Williams and J. Colby Williams and Philip R. Erwin, Las Vegas; Glen Lerner Injury Attorneys and Corey M. Eschweiler, Las Vegas; Weinberg Wheeler Hudgins Gunn & Dial and Lee Roberts, Las Vegas,
for Real Parties in Interest.

19-42984

BEFORE HARDESTY, STIGLICH and SILVER, JJ.

## OPINION

By the Court, SILVER, J.:

The procedure for substituting a successor or representative in place of a deceased party to a civil action is governed by NRCP 25(a)(1). Under that rule, the filing and service of a suggestion of death triggers a deadline to file a motion to substitute a successor or representative in place of the deceased party. Once the deadline is triggered, the court must dismiss the action if a motion to substitute is not filed before the deadline expires.

In this original proceeding, we reconsider *Barto v. Weishaar*, 101 Nev. 27, 692 P.2d 498 (1985), and its conclusion that a suggestion of death emanating from the deceased party must identify the deceased party's successor or representative in order to trigger the deadline in NRCP 25(a)(1) to file a motion to substitute. Although we acknowledge the importance of precedent, we are convinced that *Barto* expanded NRCP 25(a)(1) beyond its plain language. Therefore, we overrule *Barto* and hold that a suggestion of death that is properly served triggers the deadline for filing a motion to substitute regardless of which party files it and whether it identifies the deceased party's successor or representative.[1]

---

[1]This opinion has been circulated among all justices of this court, any two of whom, under IOP 13(b), may request en banc review of a case. The two votes needed to require en banc review in the first instance of the question of overruling *Barto* were not cast.

Here, counsel for petitioner James McNamee filed and served a suggestion of death after McNamee died. Under the controlling authority at that time, the suggestion of death did not trigger the deadline for filing a motion to substitute because it did not identify McNamee's successor or representative. The district court therefore was not required by law to dismiss the action as to McNamee. Accordingly, we deny the petition to the extent it challenges the district court's order denying the motion to dismiss based on NRCP 25(a)(1). But we conclude the district court arbitrarily or capriciously exercised its discretion when it denied McNamee's motion to substitute based solely on the court's preference that someone other than the special administrator appointed by the probate court be appointed as administrator of McNamee's estate. Thus, we grant relief in part.

## FACTS AND PROCEDURAL HISTORY

James McNamee rear-ended another vehicle at a red light. Giann Bianchi was driving the other vehicle, and Dara Delpriore[2] was in the front passenger seat; both suffered injuries as a result of the collision. Bianchi sued McNamee for damages caused by the collision, alleging negligence and negligence per se.

During the pending litigation, McNamee died. McNamee's attorney filed and served Bianchi with a suggestion of death on September 20, 2017. The suggestion of death did not name a successor or representative. On the same day, McNamee's attorney filed a petition for special letters in the probate court, naming Susan Clokey, an employee of the law firm representing McNamee, as petitioner. The probate court granted the petition and appointed Clokey as special administrator for the

___

[2]Hereinafter, we refer to Bianchi and Delpriore collectively as "Bianchi."

limited purpose of defending Bianchi's negligence suit and distributing any insurance policy proceeds therein.

McNamee's attorney then filed a motion to substitute the special administrator for McNamee as the party defendant in the negligence suit on December 14, 2017, just shy of 90 days after he filed the suggestion of death. The district court orally denied the motion and directed the parties to submit three names for the court to consider as administrators for McNamee's estate. The district court subsequently entered a written order denying the motion to substitute Clokey and naming Fred Waid as general administrator of McNamee's estate. McNamee's attorney then moved to dismiss the personal injury case, asserting that his motion to substitute had been denied and no other motion to substitute had been filed within the 90-day deadline under NRCP 25(a)(1).[3] The district court denied McNamee's motion to dismiss and granted his related motion to amend its prior order, appointing Fred Waid as special and general administrator of McNamee's estate and substituting Waid in that capacity as the defendant in place of McNamee. This petition for a writ of mandamus followed.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist.*

---

[3]The Nevada Rules of Civil Procedure were amended on March 1, 2019. *In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). The amended NRCP 25(a)(1) imposes a 180-day deadline. Because the events in this case occurred before the rule's amendment, we reference the prior version of NRCP 25(a)(1) and its 90-day deadline.

*Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether a writ of mandamus will be issued is within the appellate court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Generally, this court does not entertain mandamus petitions challenging orders denying motions to dismiss. *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 362, 662 P.2d 1338, 1340 (1983). However, we allow "very few exceptions where considerations of sound judicial economy and administration militate[ ] in favor of granting such petitions." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1344, 950 P.2d 280, 281 (1997). And writ relief may be warranted if the record reflects clear legal error or manifest abuse of discretion by the district court, or when an important issue of law requires clarification. *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 819-20, 407 P.3d 702, 706-07 (2017). We elect to review McNamee's petition to clarify NRCP 25(a)(1)'s requirements and correct the district court's manifest abuse of discretion in denying McNamee's motion to substitute.

McNamee argues that the district court should have dismissed the underlying action because his motion to substitute was denied and no other motion was filed within NRCP 25(a)(1)'s 90-day deadline. Bianchi responds that the district court properly denied McNamee's motion to dismiss because the suggestion of death did not identify McNamee's successor or representative, failing to trigger the 90-day deadline under *Barto v. Weishaar*, 101 Nev. 27, 692 P.2d 498 (1985). McNamee urges this court to reconsider *Barto*, arguing that the case is based on bad law and bad policy. Although we agree with Bianchi that the suggestion of death in this case did not trigger the 90-day deadline based on *Barto*, which was controlling at the time, we take this opportunity to clarify that NRCP

25(a)(1) does not require that a suggestion of death emanating from the deceased party must include the name of the deceased party's successor or representative to trigger the 90-day deadline.

"Because the rules of statutory interpretation apply to Nevada's Rules of Civil Procedure," we apply the rule as written when the plain meaning of the rule's language is unambiguous. *Logan v. Abe*, 131 Nev. 260, 264, 350 P.3d 1139, 1141-42 (2015) (internal quotation marks omitted). NRCP 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

NRCP 25(a)(1)'s plain, unambiguous language does not require that the suggestion of death identify the deceased party's successor or representative to trigger the 90-day deadline. However, in *Barto*, we concluded the opposite based on *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969), a federal case interpreting FRCP 25(a)(1), the Nevada rule's federal counterpart.

In *Rende*, the federal court stated that because the federal rule allowed a party, successor, or representative to file the suggestion of death, the advisory committee "plainly contemplated" that a suggestion of death filed by the deceased party's counsel would identify a successor or representative. 415 F.2d at 985. We disagree because neither the federal

rule, nor the advisory committee notes, mention such a requirement. Moreover, Nevada's rule and corresponding drafter's note do not mention such a requirement either.

The *Rende* court also expressed concern that not requiring the deceased defendant's counsel to identify that party's successor or representative in a suggestion of death "would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." 415 F.2d at 986. Although we echoed that concern in *Barto*, 101 Nev. at 29, 692 P.2d at 499, we now recognize that such a tactical maneuver is not an issue because a party may request more time to file the motion to substitute under NRCP 6(b). *Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662-64, 188 P.3d 1136, 1142-43 (2008). Although courts disagree on this topic, some have reached the same conclusion as we do here. *See, e.g., Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (concluding "[FRCP 25(a)(1)] does not require that the statement identify the successor or legal representative," and that FRCP 6(b) eliminates the potential tactical maneuver anticipated by the *Rende* court); *In re MGM Mirage Sec. Litig.*, 282 F.R.D. 600, 602-03 (D. Nev. 2012) (acknowledging split of authority); *Ray v. Koester*, 215 F.R.D. 533, 534-35 (W.D. Tex. 2003) (agreeing with the Second Circuit's decision in *Unicorn Tales*); *Stoddard v. Smith*, 27 P.3d 546, 548-49 (Utah 2001) (noting that Utah's Rule 25(a)(1)'s plain language does not limit who may file a suggestion of death, declining to follow *Rende*, and observing that the tactical maneuver discussed in *Rende* would violate an attorney's ethical obligations).

SUPREME COURT
OF
NEVADA

(O) 1947A

7

While we acknowledge the importance of stare decisis, we cannot ignore that *Barto* broadened the scope of NRCP 25(a)(1) by expanding its reach beyond its precise words. *Cf. Egan v. Chambers*, 129 Nev. 239, 299 P.3d 364 (2013) (overruling prior decision that interpreted a statute to reach beyond its plain language). Accordingly, we overrule *Barto* to the extent that it concludes that a suggestion of death emanating from the deceased party must identify the deceased party's successor or representative to trigger the 90-day deadline for filing a motion to substitute. We hold that once the suggestion of death is filed on the record and served upon the appropriate parties, the deadline in NRCP 25(a)(1) for filing a motion to substitute is triggered, regardless of whether the deceased party's successor or representative has been identified in the suggestion of death.

McNamee, however, cannot rely on our new construction of the rule to assert that the suggestion of death filed by his counsel triggered the 90-day period. *See Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 132 Nev. 784, 791 n.5, 383 P.3d 246, 251 n.5 (2016) (observing that factors in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), for determining whether a court's holding applies retroactively, "still apply . . . when 'a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct'" (quoting *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 534 (1991))). Applying our prior decisions that controlled at the time, the suggestion of death filed by McNamee's counsel did not trigger the 90-day deadline. NRCP 25(a)(1) therefore did not require the district court to dismiss the action against McNamee. Accordingly, we deny the petition to

the extent that it seeks a writ directing the district court to dismiss the action against McNamee.

The only remaining issue involves the district court's decision to deny McNamee's motion to substitute the special administrator appointed by the probate court and instead appoint and substitute a different representative for McNamee's estate. The district court has discretion in ruling on a motion to substitute. NRCP 25(a)(1) ("[T]he court *may* order substitution of the proper parties." (emphasis added)); *see also Lummis v. Eighth Judicial Dist. Court*, 94 Nev. 114, 116, 576 P.2d 272, 273 (1978) (indicating that district court's decision on motion to substitute under NRCP 25(a) is discretionary). A district court's exercise of discretion may be controlled through a writ of mandamus only if there was a manifest abuse or arbitrary or capricious exercise of that discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981), such as a decision based on "prejudice or preference rather than on reason," *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 780 (2011) (internal quotation marks omitted).

The district court denied McNamee's motion to substitute because it was "bothered" that McNamee's counsel sought to substitute his law firm's employee, whom the probate court had appointed as a special administrator, as the party defendant. The district court further explained that it did not think the choice was "improper" but that it "just felt it would be better to have a third party come in." The district court thus denied the motion to substitute based on preference alone. We conclude this was an arbitrary or capricious exercise of the district court's discretion.[4]

---

[4]In light of our decision, we decline to consider McNamee's arguments concerning the district court's authority to create a general administration.

Supreme Court
of
Nevada

(O) 1947A

9

Accordingly, we grant the petition in part and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its orders entered on March 27, 2018, and May 14, 2018, to the extent they substituted Fred Waid as special and general administrator for the deceased defendant's estate and to reconsider the motion to substitute in light of this opinion.

_____, J.
Silver

We concur:

_____, J.
Hardesty

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A