Charles J. DesJARDINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 31S01–0111–CR–560.

Supreme Court of Indiana.

Dec. 6, 2001.

Bruce A. Brightwell, Louisville, KY, Bart M. Betteau, New Albany, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION FOR TRANSFER

BOEHM, Justice.

Charles DesJardins was convicted of two counts of Child Molesting as Class A Felonies, and one count of Child Exploitation as a Class D Felony. At trial, the State introduced about four minutes of videotape that showed DesJardins committing the offenses. One of DesJardins' contentions on appeal is that the trial court erred by denying his request under Indiana Evidence Rule 106 to introduce the remaining four hours of videotape. We grant transfer to address the applicability of Evidence Rule 106 to the use of videotaped evidence and other modes of conveying information.

### Scope of Indiana Evidence Rule 106

In the course of its opinion, the Court of Appeals considered DesJardins' contention that the trial court erred by admitting portions of the videotapes but refusing to permit DesJardins to show the entire four hours of tape to the jury. *DesJardins v. State,* 751 N.E.2d 323, 325–27 (Ind.Ct.App. 2001). In the trial court, DesJardins contended that the entire tape was required to be admitted under the doctrine of completeness as it is currently embodied in Indiana Rule of Evidence 106. That rule provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded state-

ment which in fairness ought to be considered contemporaneously with it.

The Court of Appeals held that a videotape is not a writing or recording within the meaning of Rule 106 because a videotape is not included in the list of "Writings and recordings" set forth in Rule 1001(1).[1] By contrast, Rule 1001(2) defines "Photographs" to include "still photographs, x-ray films, videotapes, and motion pictures." Evid. R. 1001(2). As a result, the Court of Appeals reasoned that "by definition, Rule 106 does not apply to the admission of videotapes." 751 N.E.2d at 326.

■ We grant transfer to make clear that all modes of conveying information, including videotapes, constitute writings or recordings for purposes of Rule 106, even if they are defined by Rule 1001 as "photographs." As Rule 1001 explicitly states, its definitions are "for purposes of this Article" of the Indiana Rules of Evidence. "[T]his Article" is Article X, which deals with "Contents of Writings, Recordings and Photographs," and contains a number of provisions that treat "writings and recordings" differently from "photographs." But the purpose of Article X is to address issues raised by the various means of reproduction of the several media, such as what a "duplicate" or "original" means in the context of technology that includes photographs, videotapes, etc. The definitions are by their terms limited to that Article of the Rules of Evidence.

On the other hand, Rule 106 is located in Article I, deals with substantive fairness, and embodies a doctrine recognized at common law long before Thomas Edison,

Edwin Land or Bill Gates was heard from. Rule 106 provides, in straightforward terms, that if a party introduces a part of a "writing or recorded statement"[2] and fairness requires that additional portions of it be introduced, then an adverse party may require that the additional parts be admitted. *See, e.g., Evans v. State,* 643 N.E.2d 877, 881–82 (Ind.1994). Thus, the doctrine is wholly independent of the peculiarities of the technology by which any particular medium transmits information, and applies to any mode of conveying information, including those identified for purposes of Article X as "photographs." To the extent other jurisdictions have considered the point, they have reached the same conclusion under counterparts to Rule 106. *See, e.g., United States v. Spearman,* 186 F.3d 743, 755 (6th Cir.1999) (under Federal Rule of Evidence 106, defendant had opportunity to present videotape in its entirety after government played only portions of video); *State v. Austin,* 585 N.W.2d 241, 244 (Iowa 1998) (State permitted to introduce entire videotape when portions of information contained therein referred to by defense); *State v. Baca,* 120 N.M. 383, 902 P.2d 65, 72 (1995) (trial court should have admitted video tape under rule of completeness).

■ Although we agree with DesJardins that the doctrine of completeness embodied in Rule 106 is applicable to the videotapes in question, we agree with the Court of Appeals in its alternative holding that DesJardins fails to demonstrate the relevance of the absent portions about which he complains. For that reason, we agree with the result reached by the Court

---

1. That list includes "letters, words, sounds, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation." Ind. Evidence Rule 1001(1).

2. It is also worth noting that the language "writing or recorded statement," as used in Rule 106, is not the same as the specifically defined term "writings and recordings" used in Rule 1001(1).

of Appeals that the remaining portions of the videotapes were properly excluded. *Cf. Evans*, 643 N.E.2d at 881 (Evidence introduced under rule of completeness is "subject to the general rules of admissibility, . . . and any portions found immaterial, irrelevant, or prejudicial must be redacted.").

## Conclusion

We conclude that any mode of conveying information, including videotapes, falls within the scope of Indiana Rule of Evidence 106 and the doctrine of completeness, but on the facts presented here the trial court did not commit reversible error in denying DesJardins' request to play the videotapes in their entirety. On all other issues, the Court of Appeals is summarily affirmed. Ind. Appellate Rule 58(A)(2). The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.