IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**THE STATE OF ARIZONA,**
*Petitioner/Appellant,*

*v.*

**JOSEPH COOPERMAN,**
*Respondent/Appellee.*

No. CV-12-0319-PR
Filed August 5, 2013

Special Action from the City of Tucson Municipal Court
The Honorable Wendy A. Million, Magistrate
No. TR 10061595
**AFFIRMED**

Appeal from the Superior Court in Pima County
The Honorable John S. Leonardo, Presiding Judge
No. C20117903
**AFFIRMED**

Opinion of the Court of Appeals, Division Two
230 Ariz. 245, 282 P.3d 446 (2012)
**AFFIRMED**

COUNSEL:

Michael G. Rankin, Tucson City Attorney, Baird S. Greene, Deputy City Attorney, William F. Mills (argued), Principal Assistant Prosecuting City Attorney, Tucson, for State of Arizona

Stefan F. Niemiec, City of Tucson Public Defender, and James Nesci (argued), Law Office of Nesci & St. Louis, Tucson, for Joseph Cooperman

Stephen Paul Barnard, Law Offices of Stephen Paul Barnard, P.C., Tucson, for Amicus Curiae Arizona Attorneys for Criminal Justice

Brad Carlyon, Navajo County Attorney, Neill Perry, Deputy County Attorney, Holbrook, for Amicus Curiae Navajo County Attorney's Office

Robert S. Hubbard, Tempe City Prosecutor, Andrew M. Davidson, Assistant City Attorney, Tempe, for Amicus Curiae Tempe City Prosecutor's Office

Elizabeth Ortiz, Executive Director, Arizona Prosecuting Attorneys' Advisory Council, Faith C. Klepper, Attorney, Phoenix, for Amicus Curiae Arizona Prosecuting Attorneys' Advisory Council

CHIEF JUSTICE BERCH authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

CHIEF JUSTICE BERCH, opinion of the Court:

¶1      This case addresses (a) whether partition ratio evidence is admissible in a prosecution for driving while impaired in violation of A.R.S. § 28-1381(A)(1) if the state elects to introduce breath test results only to prove that the defendant had "an alcohol concentration of 0.08 or more within two hours of driving" in violation of A.R.S. § 28-1381(A)(2), and (b) whether evidence relating to the variability of partition ratios in the general population is relevant to a particular defendant's state of impairment.  We conclude that such evidence is relevant and therefore may be admissible to show the defendant's lack of impairment.

## I.  BACKGROUND

¶2      The State charged Joseph Cooperman with two counts of driving under the influence ("DUI").  The first charge was for driving while "impaired to the slightest degree" by alcohol or other substances, in violation of A.R.S. § 28-1381(A)(1) (the (A)(1) or "impairment" charge). The second charge, filed under § 28-1381(A)(2) (the (A)(2) or "per se" charge), was for having "an alcohol concentration [in the breath or blood] of 0.08 or more within two hours of driving or being in actual physical control of the vehicle."  *See* A.R.S. § 28-101(2) (defining alcohol concentration).  The (A)(2) charge is proven by presenting evidence of the defendant's breath or blood alcohol concentration ("AC") and establishing

that the test sample was taken within two hours of the time the defendant drove or controlled a vehicle.

¶3     Section 28-1381(G) creates statutory presumptions that a person whose breath or blood AC is 0.05 or less "was not under the influence of intoxicating liquor," (G)(1), and that one whose AC is 0.08 or greater was under the influence, (G)(3).  If the AC falls between 0.05 and 0.08, no presumption of intoxication arises, but the AC "may be considered with other competent evidence in determining the guilt or innocence of the defendant."  *Id.* § 28-1381 (G)(2).

¶4     Before trial, the State moved in limine to prevent Cooperman from introducing evidence of the variability of the "partition ratio" used to convert breath AC ("BrAC") to blood AC readings.[1]  The State argued that it would not introduce the breath test results to prove under (A)(1) that Cooperman was driving while impaired, although it would present the results in the same trial to prove the per se violation under (A)(2).  That is, the State would introduce the breath test reading to prove that Cooperman had an alcohol concentration exceeding 0.08 within two hours of driving, but not to show that Cooperman was driving while impaired. The State maintained that because it did not intend to introduce Cooperman's breath test results to show impairment, it would not invoke the presumptions set forth in § 28-1381(G).  It therefore argued that Cooperman could not present evidence regarding partition ratios to cast doubt on his state of impairment.

¶5     At a hearing before the municipal court, the State and Cooperman presented expert testimony regarding factors affecting the partition ratio. Although the State did not intend to introduce the BrAC results to prove impairment, Cooperman sought to introduce the BrAC and partition ratio evidence to show lack of impairment.  The court found that partition ratio evidence is relevant whenever breath test results are introduced in connection with an (A)(1) charge.  The court also rejected the State's argument that such evidence should be excluded under Arizona Rule of Evidence 403.  The superior court accepted special action jurisdiction and denied relief, and the court of appeals affirmed.  *State v. Cooperman*, 230

---

[1]     Alcohol concentration can be measured by either blood or breath tests.  Breath test results can be converted to a blood alcohol concentration using a partition ratio.

Ariz. 245, 248, 252-53 ¶¶ 5, 25, 282 P.3d 446, 449, 453-54 (App. 2012).

¶6     We granted the State's petition for review because this case presents a recurring issue of statewide importance.  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.  DISCUSSION

¶7     Relevant evidence is admissible at trial unless a statute, a constitutional provision, or another rule provides otherwise.  Ariz. R. Evid. 402.  "We review a trial court's determination of relevance and admissibility of evidence for an abuse of discretion."  *State v. Hardy*, 230 Ariz. 281, 291 ¶ 49, 283 P.3d 12, 22 (2012).

### A.     Relevance

¶8     Evidence is relevant if it has "any tendency to make a fact" that is "of consequence" in the action "more or less probable."  Ariz. R. Evid. 401. In a prosecution for driving under the influence of alcohol in violation of A.R.S. § 28-1381(A)(1), the state must prove that the defendant's ability to drive or control a vehicle was "impaired to the slightest degree" by consumption of alcohol.  That makes evidence regarding impairment relevant.

¶9     Arizona statutes and case law recognize a strong correlation between breath and blood alcohol concentration and intoxication.  *See, e.g., id.* § 28-1381(G); *State v. Childress*, 78 Ariz. 1, 6, 274 P.2d 333, 336 (1954) ("Sobriety of an individual decreases as the percentage of alcohol in his blood increases.").  As noted in *Guthrie v. Jones*, "[a]lcohol in the breath does not cause impairment; impairment results when alcohol enters the body, is absorbed into the bloodstream, and is transported to the central nervous system and the brain."  202 Ariz. 273, 274 ¶ 5, 43 P.3d 601, 602 (App. 2002).  Thus, blood AC evidence is relevant to show impairment or lack thereof.

¶10    The State relies on *Guthrie* to argue that partition ratio evidence is irrelevant and therefore inadmissible if the prosecutor elects not to invoke the presumption of impairment in § 28-1381(G)(3).  *See* 202 Ariz. at 276 ¶ 13, 43 P.3d at 604.  We agree with the court in *Guthrie* that partition ratio

4

evidence "is not relevant to a prosecution for per se DUI" under (A)(2) because that charge turns solely on alcohol concentration, measured by breath or blood alcohol readings. *Id.* at 274 ¶ 2, 43 P.3d at 602. The only questions in a per se case are whether the breath or blood AC is 0.08 or more and whether the reading was obtained within two hours of driving; whether the defendant was impaired is not at issue. A.R.S. § 28-1381(A)(2). The court in *Guthrie* did not consider whether the state, by introducing the BrAC reading only on the (A)(2) charge, can preclude the defendant from presenting partition ratio evidence to refute an impairment charge under (A)(1). But other language in *Guthrie* shows that the court recognized that partition ratio evidence may be relevant regarding the defendant's impairment. *Id.* at 274 ¶ 5, 43 P.3d at 602 (recognizing that impairment occurs as alcohol enters the bloodstream and makes its way to the brain).

¶11 The State argues that it has the unilateral discretion to invoke (G)(3)'s presumption that a defendant is under the influence, and if it elects not to do so, then partition ratio evidence is irrelevant and inadmissible. But nothing in § 28-1381 or its legislative history supports that argument or precludes a DUI defendant from presenting AC or partition ratio evidence to establish lack of impairment in an (A)(1) case. And suggesting the contrary, § 28-1381(H) expressly provides that subsection (G) "does not limit the introduction of any other competent evidence bearing on the question of whether or not the defendant was under the influence of intoxicating liquor."

¶12 The State also argues that because Cooperman has not offered evidence of how his individual physiology would affect the ratio, the evidence offered does not reflect Cooperman's state of impairment and therefore lacks foundation. But evidence showing that the ratio varies in the general population might introduce doubt as to the relationship between breath AC and impairment. *See State v. Hanks*, 772 A.2d 1087, 1092 (Vt. 2001) (holding evidence of the ratio's variability "unquestionably relevant because it had some tendency to explain the alleged inconsistency between defendant's condition and the test result"). As such, it is relevant to create doubt about the relationship between Cooperman's BrAC reading and his state of impairment.

¶13 Evidence of general characteristics "outside jurors' common experience" is admissible in other contexts. *See, e.g.*, *State v. Lujan*, 192

Ariz. 448, 451-52 ¶¶ 11-12, 967 P.2d 123, 126-27 (1998) (error to exclude defendant's evidence of general characteristics of abuse victims to explain inconsistencies in victim's story); *State v. Bogan*, 183 Ariz. 506, 514, 905 P.2d 515, 523 (App. 1995) (observing that "[o]pponents of DNA match testimony" may "challenge . . . foundation and introduce controverting evidence"). Such evidence may, subject to objections under Arizona Rules of Evidence 403 and 702, be allowed in this context as well.

¶14 Other jurisdictions have similarly held partition ratio evidence relevant and admissible. In *People v. McNeal*, the California Supreme Court held both general and personal partition ratio evidence admissible in a prosecution under California's DUI-impairment statute. 210 P.3d 420, 431 (Cal. 2009).[2] *McNeal* noted that partition ratio evidence may "raise[] a reasonable doubt as to whether the test result was an accurate measure of [a defendant's] blood-alcohol level," and thus of a defendant's impairment. *Id.* at 430-31.

¶15 Similarly, the Vermont Supreme Court found such evidence relevant and its exclusion under Vermont Rule of Evidence 403 to be an abuse of discretion. *Hanks*, 772 A.2d at 1088, 1091-93 (overturning conviction). The court recognized that "not allowing defendants to reveal these scientifically recognized facts would make it difficult, if not impossible, for a defendant to challenge" an inference of impairment based on breath test results. *Id.* at 1093. We agree with the reasoning in these cases.

¶16 For these reasons, the trial court properly concluded that the evidence offered was relevant to support Cooperman's argument that he was not impaired.

---

[2] The State attempts to distinguish *McNeal* because the presumption in the California statute is mandatory and the statute requires conversion from breath alcohol to blood alcohol for the presumption to apply. Regarding the conversion from breath to blood alcohol, however, California's statute functions identically to Arizona's. *See* Cal. Veh. Code § 23610(b) ("Percent, by weight, of alcohol in the person's blood shall be based upon grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath."). Further, to satisfy constitutional requirements, presumptions in criminal cases must be rebuttable. *Sandstrom v. Montana*, 442 U.S. 510, 524 (1979).

### B.  Arizona Rule of Evidence 403

¶17  The State asserts that the court should have found the partition ratio evidence inadmissible under Arizona Rule of Evidence 403.  That rule allows courts to exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Ariz. R. Evid. 403.  Trial courts have considerable discretion in deciding whether to exclude evidence under this rule.  *See State v. Hensley*, 142 Ariz. 598, 602, 691 P.2d 689, 693 (1984).

¶18  The State argues that Cooperman's proposed evidence has minimal probative value and admitting it may mislead or confuse the jury, waste time, and create a danger of unfair prejudice.  At oral argument before this Court, the State emphasized that Cooperman was charged with both the per se and impairment violations.  Because conversion to blood AC is unnecessary in (A)(2) per se prosecutions, the State argues that the jurors may be confused if the conversion evidence is admitted for their consideration solely in connection with the (A)(1) impairment charge.  But limiting the BrAC evidence to the per se charge, as the State seeks to do, similarly requires an instruction to the jurors to consider that evidence solely in connection with the (A)(2) per se charge and not to consider it in connection with the (A)(1) impairment charge.  We do not see that one instruction is inherently more confusing than the other, and we trust that the jurors will be able to follow the court's instructions.  *Cf.* Ariz. R. Evid. 404(b) (evidence of other acts admissible for limited purposes); *State v. Prince*, 204 Ariz. 156, 158 ¶ 9, 61 P.3d 450, 452 (2003) (stating presumption that jurors follow instructions).

¶19  The State also asserts that the partition ratio generally employed in determining blood AC from breath AC readings favors the defendant.  *See Hanks*, 772 A.2d at 1089 (explaining that Vermont, like Arizona, uses a conversion rate of 2100:1); *see also* A.R.S. § 28-101(2) (defining alcohol concentration).  That is, the State maintains that breath tests are more likely to underestimate blood AC than overestimate it.  The State may argue this point at trial to rebut the evidence offered by Cooperman, but we decline to say that the trial judge abused her discretion by finding the BrAC and partition ratio evidence admissible.  *Cf. Hanks*, 772 A.2d at 1091-93 (finding an abuse of discretion in excluding similar evidence under Vermont's analogous rule of evidence).  We find no abuse of discretion on

the record before us, but the trial court may reconsider at trial whether the proffered evidence should be excluded under Arizona Rule of Evidence 403 because it will result in unfair prejudice, potential confusion, or waste of time.

### C. Remaining Issues

**¶20** The State argues that Arizona Rule of Evidence 702, which requires that expert testimony be based in "sufficient facts or data," bars the evidence at issue in this case. But as the court of appeals noted, the State did not raise this argument in its motion for limine or its petition for special action. *Cooperman*, 230 Ariz. at 252 n.9 ¶ 24, 282 P.3d at 453 n.9. In this Court, the State did not raise this argument until the supplemental briefing stage. We therefore decline to address it.

## III. CONCLUSION

**¶21** We affirm the decisions of the municipal court, the superior court, and the court of appeals.