354 P.3d 408

**STATE of Arizona, Petitioner**

v.

**The Honorable Roland J. STEINLE, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,**

**Alejandra Monserat Moran, Real Party in Interest.**

**No. 1 CA–SA 14–0214.**

Court of Appeals of Arizona, Division 1.

July 23, 2015.

532

Maricopa County Attorney's Office By Lisa Marie Martin, Phoenix, Counsel for Petitioner.

Maricopa County Public Defender's Office By Lindsay P. Abramson, Phoenix, for Real Party in Interest.

Presiding Judge PATRICIA A. OROZCO delivered the opinion of the Court, in which Judge MAURICE PORTLEY joined and Judge RANDALL M. HOWE dissented.

## OPINION

OROZCO, Judge:

¶ 1 The Maricopa County Attorney's Office (the State) petitions this Court for special action relief, challenging the trial court's order precluding it from introducing as evidence a modified, edited or cropped version of a video, because the full version of the video was unavailable. Because Arizona Rules of Evidence 106 and 403 require ad-

mission of the full video, we accept jurisdiction and deny relief.

## BACKGROUND AND PROCEDURAL HISTORY

¶ 2 On December 12, 2012, Alejandra Moran attended a house party. On the same evening, a fight began in the street and a witness, Hector Ponce, used his cell phone to make a video recording of the fight. Several witnesses, including Moran, stated that in the minutes leading up to the altercation, there was both a verbal and physical altercation between Moran and the victim, L.U. Ponce "cropped" the first four and one half minutes from the video, sent the final thirty-one seconds of the video to a friend, and deleted the original video from his cell phone. The final thirty-one seconds of the video showed an individual, purported to be Moran, stab L.U. in the chest. Moran was subsequently indicted for first degree murder.

¶ 3 Detectives were unable to recover the full version of the video from Ponce's phone. Moran moved to exclude the edited video, arguing Rule 106, the rule of completeness, and Rule 1001, the best evidence rule, did not allow admission of just a portion of the full video. Moran also raised chain of custody and hearsay objections. The trial court granted Moran's motion and the State filed a motion to reconsider. The trial court denied the motion, and this special action followed.

## SPECIAL ACTION JURISDICTION

¶ 4 Special action jurisdiction is proper when a party has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1. We have discretion to accept special action jurisdiction and we do so if a petitioner presents "an issue of first impression and one of statewide importance that is likely to recur." *State v. Bernstein*, 234 Ariz. 89, 93, ¶ 6, 317 P.3d 630, 634 (App. 2014). Jurisdiction is also appropriate when rules require immediate interpretation. *Id.*

¶ 5 The parties agree the State has no speedy or adequate remedy on appeal. Moreover, this petition raises an issue of first impression regarding Rule 106. Thus, in the

exercise of our discretion, we accept special action jurisdiction.

## DISCUSSION

■ ¶ 6 "We review a trial court's ruling on admissibility of evidence for an abuse of discretion." *State v. Buccheri–Bianca*, 233 Ariz. 324, 328, ¶ 7, 312 P.3d 123, 127 (App. 2013) (internal citations omitted). However, we review de novo the construction of the rules of evidence. *State v. Payne*, 233 Ariz. 484, 502, ¶ 49, 314 P.3d 1239, 1248 (2013).

### I. The Video is a Statement

■ ¶ 7 The State argues the trial court abused its discretion in excluding the edited video because the video is not a "statement" under Rule 106 and the trial court incorrectly applied the rule to "conduct." Arizona Rule of Evidence 106 provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—*that in fairness ought to be considered at the same time.*

(Emphasis added.) Because this is an issue of first impression. "[i]t is appropriate to look to federal courts' interpretation of federal rules that mirror Arizona rules." *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 548 n. 8, ¶ 18, 189 P.3d 1114, 1121 n. 8 (App. 2008). We give great weight to the interpretation of federal rules. *See Varela v. Roman*, 156 Ariz. 476, 477, 753 P.2d 166, 167 (App.1987) (giving deference to the interpretation of the Federal Rules of Civil Procedure in a case of first impression because Arizona has substantially adopted the federal rules).

■ ¶ 8 Rule 106 contains identical language to Federal Rule of Evidence 106. Federal Rule 106 partially codified the common law rule of completeness, which was designed to prevent prejudice to parties. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). Under the rule of completeness, "[t]he opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." *Id.* at 171, 109 S.Ct. 439. Arizona also recognizes the rule of completeness. *See State v. Prasertphong*, 210 Ariz. 496, 499, ¶ 15, 114 P.3d 828, 831 (2005) (noting the rule requires only admission of portions of a statement "necessary to qualify, explain or place into context the portion already introduced") (internal citations omitted); *see also State v. Cruz*, 218 Ariz. 149, 162, ¶ 58, 181 P.3d 196, 209 (2008).

¶ 9 While interpreting Federal Rule 106, the federal courts have applied the rule to recordings of "conduct" and held:

> [I]f selected segments of a video or audio exhibit will be offered at trial ... the entire video or audio exhibit had best be preserved, so that opposing counsel and/or the opposing party(s) may review the evidence and determine if 'any other party or any other writing or recorded statement ... ought in fairness ... be considered contemporaneously with' the proffered segments ... Simply put, the government cannot make use of video segments that have been 'cherry picked' when the remainder of the recording has been erased or recorded-over[.]

*U.S. v. Yevakpor*, 419 F.Supp.2d 242, 252 (N.D.N.Y.2006). We find this analysis persuasive. In *Yevakpor*, the defendant was charged with attempted importation of a controlled substance and possession with intent to distribute a controlled substance. *Id.* at 243. The defendant filed a motion in limine challenging the government's use of three one-minute video segments recorded at the Customs Area Security Center depicting a border stop and search when the videos only represented "a small clip of the entire time the defendant was recorded." *Id.* at 243–44. The video segments did not show the results of the search or anything that occurred before the stop and the remainder of the recording was either erased or recorded over. *Id.* at 245.

¶ 10 The court granted the motion, noting, "[V]ideo recordings provide a more complete picture of events, a continuous stream of information, with less scenes being taken out

of context. That benefit is curtailed in this case due to . . . failure to preserve the entire video." *Id.* at 246. Therefore we hold that a video is a statement for purposes of Rule 106.

## II. Complete Video Is Necessary to Put Events Into Context

¶ 11 The State argues, "Any video depiction of events surrounding the [thirty-one] second clip is not necessary to put [ ] Moran's physical attack on [L.U.] depicted in the video clip into context." We disagree. Like the video segments in *Yevakpor*, the video in this case was edited to delete the first four and one half minutes and does not show the events leading up to the stabbing.

¶ 12 Unlike in *Yevakpor*, where the State edited the recording, in this case, the State had no part in deleting the first four and one half minutes of the recording. Nevertheless, the edited video will not give the jury a complete understanding of what occurred prior to the stabbing. The edited-out portion of the video is especially relevant to Moran's defense because she argues the murder was not premeditated and she was provoked. Also, the deleted portion of the video is "necessary to qualify, explain or place into context the portion already introduced." *See Prasertphong*, 210 Ariz. at 499, ¶ 15, 114 P.3d at 831. Because the first four and one-half minutes of the video cannot be shown, the fairness element of Rule 106 cannot be satisfied.

¶ 13 Furthermore, under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." If the edited video is admitted, Moran will suffer prejudice. If there were no witnesses claiming that in the minutes leading up to the stabbing, there was both a verbal and physical altercation between Moran and L.U., Moran might not be able to show prejudice. But in this case, where such witnesses exist, Moran has shown prejudice under Rule 403.

¶ 14 The United States Supreme Court has recognized that appellate courts afford trial courts broad discretion in their evidentiary rulings because trial courts have "familiarly with the detail of the case" and "greater experience in evidentiary matters." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008). "This is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant." *Id.* (internal punctuation omitted). Therefore, pursuant to Rules 403 and 106, the trial court did not abuse its discretion by excluding it.

¶ 15 The dissent lists a parade of horribles that may come about, should the video in this case not be admitted. In each of those examples, the defendant will have to show prejudice, as Moran has done here. Without the showing of prejudice, the parade that the dissent complains of will never be realized.

¶ 16 The trial court did not abuse its discretion by granting Moran's motion to exclude the edited video because the entire video no longer exists. Moreover, we find that the State's case is not undermined by the exclusion because the video is not the sole evidence. The State may call Ponce to testify about his recollection of the events.[1]

## CONCLUSION

¶ 17 For the foregoing reasons, we exercise our discretion to accept special action jurisdiction but deny relief.

HOWE, J., dissenting.

¶ 18 I respectfully dissent from the majority's holding that the trial court properly excluded the video under Arizona Rule of Evidence 106. Although Rule 106 properly applies to conduct, *see, e.g., United States v. Spearman*, 186 F.3d 743, 755 (6th Cir.1999) (applying the rule to a video demonstrating conduct); *DesJardins v. State*, 759 N.E.2d 1036, 1037 (Ind.2001) (same); *Bunch v. State*, 123 So.3d 484, 493–94 (Miss.2013) (same), the majority misapplies Rule 106 to

---

1. Because we find the video's exclusion was proper under Rule 106 and Rule 403, we need not address the State's other arguments.

preclude a complete statement that is otherwise admissible. Given the explosive growth of social networking and the constant exchange of digital photographs, videos, and text messages, the majority's decision will exclude wide swaths of relevant and probative evidence.

¶ 19 Rule 106 does not apply here because the State has offered the entire video in evidence and no part or portion remains unadmitted that is necessary to provide context. Under Rule 106, if a party "introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part— or any other writing or recorded statement— that in fairness ought to be considered at the same time." The rule protects against "the misleading impression created by taking matters out of context." Fed.R.Evid. 106 Advisory Comm. Note.[2] Accordingly, it requires admitting portions of a statement that are "necessary to qualify, explain or place into context the portion already introduced." *Prasertphong*, 210 Ariz. at 499 ¶ 15, 114 P.3d at 831.

¶ 20 In this case, however, the State has offered in evidence the entire video in its possession. No other part or portion of the video has been omitted that is necessary to qualify, explain, or provide context for the video. Although the video was once part of a longer recording, that recording was deleted before the State came into possession of the video and no longer exists. The video, then, *is* the complete statement for purposes of Rule 106, and nothing remains that would be admissible under the rule.

¶ 21 The majority's position is that because the recording does not exist, the video is necessarily out of context and inadmissible under Rule 106. But that misunderstands the rule. Rule 106 is a rule of admission, not exclusion. The rule presupposes that the offered statement is an excerpt of a longer statement and that any false impression from admission of the offered statement can be cured by admission of the longer statement. The rule does not provide that if evidence was once a part of a longer statement, it can

be excluded if the longer statement is not available. The majority cites no authority that interprets the rule this way.

¶ 22 The only authority the majority cites for its position is a New York federal district court decision, *United States v. Yevakpor*, in which the district court found the federal government at fault for destroying a surveillance video after excerpting certain segments for use at trial. 419 F.Supp.2d 242, 246 (N.D.N.Y.2006) ("In fact, it was not an inadvertent failure by Customs to preserve, but an affirmative order by a Customs supervisor to only preserve the selected three minutes of tape knowing that the subject of the video was to face criminal proceedings."). The district court recognized that the critical factor in determining whether to preclude the preserved segments was whether the government was at fault, *id.* at 248, and held that the government's intentional destruction of the video warranted preclusion of the segments: "Simply put, the government cannot make use of video segments that have been 'cherry picked' when the remainder of the recording has been erased or recorded-over," *id.* at 252. Although the district court discussed Rule 106 in its analysis, the true basis for exclusion was as a sanction for violating the defendant's due process rights by destroying the complete surveillance video:

> [T]his Court finds it necessary to issue sanctions for the Government's failures in this case.... Exclusion is an appropriate sanction given the government agency's deliberate destruction of evidence, in light of its knowledge that the evidence could have been used in prosecution or defense.

*Id.* at 251–52.

¶ 23 The issue addressed in *Yevakpor* does not exist here. The majority agrees that the State "had no part" in the destruction of the longer recording. *Supra* ¶ 12. In fact, the record shows that the State not only "had no part" in the destruction, it affirmatively tried to locate and seize the recording when it learned that the recording had been made. Because the State was not responsible for the longer recording's destruction, no basis

**2.** Arizona adopted Rule 106 verbatim from Federal Rule of Evidence 106. *State v. Prasertphong,* 210 Ariz. 496, 499 ¶ 14, 114 P.3d 828, 831 (2005).

exists to sanction the State by excluding the video. Consequently, *Yevakpor* does not support exclusion of the video in this case.

¶ 24 The majority also cites Arizona Rule of Evidence 403 as support for excluding the video, finding that admission of the video would be unfairly prejudicial because the video will not give the jurors "a complete understanding of what occurred prior to the stabbing." *Supra* ¶ 12. But that conclusion is based on the same misunderstanding of Rule 106; Rule 403 prejudice is simply not at issue here. Although the video was once a part of a longer recording, that recording ceased to exist before the State possessed the video and is consequently irrelevant to the video's admissibility under the rules of evidence. At the time that the State seized the video, it was a complete unit of evidence, and the State is offering the complete video in evidence. Because the video is complete, Rule 106 does not apply. No other part of the video exists to be admitted that is "necessary to qualify, explain or place into context the portion already introduced." *Prasertphong*, 210 Ariz. at 499 ¶ 15, 114 P.3d at 831. No unfair prejudice results from allowing the State to admit what is a complete video statement.

¶ 25 Moreover, the admission of the video does not hamper Moran's presentation of her defense that she had been provoked into stabbing the victim. Although Moran believes that the longer recording would have been visual evidence that she had been provoked, nothing prevents her from testifying to provocation herself or presenting the testimony of other witnesses about provocation. No doubt Moran wishes that the longer recording had been preserved so that she could use that recording as evidence that she had been provoked. No doubt the State too wishes that the longer recording had been preserved to see if it contained anything that might incriminate Moran. Instead, however, Moran and the State must deal with the evidence as they find it. Rule 403 cannot justify the preclusion of the video. Consequently, I would find that the trial court erred in precluding the admission of the video.[3]

¶ 26 The majority's erroneous decision will have a wide and negative effect on the use of evidence in criminal and civil litigation, improperly precluding the admission of relevant and probative evidence. Take a situation in which the police arrive at the scene of an arson and find one page of a diary relevant to determining the reason for the arson. If the rest of the diary has been consumed in the fire, the single page would be inadmissible under the majority's analysis because the rest of the diary would be unavailable to provide the necessary context.

¶ 27 The consequences are especially pronounced with current technology. Digital photographs, videos, and text messages are shared—and inevitably edited—innumerable

---

**3.** The trial court also held that the video was inadmissible on chain of custody, best evidence, and hearsay grounds. Because the majority affirms—erroneously, in my view—the trial court's ruling based on Rule 106, it declines to address the other bases for preclusion. *See supra* ¶ 13 n. 1. But holding as I would that the trial court erred in precluding the video under Rule 106 requires consideration of the other grounds.

None of those grounds requires preclusion of the video. The State can properly authenticate the video and establish a continuous chain of custody with testimonies from Ponce, Mahfouz, and the detectives who seized it. *See* Ariz. R. Evid. 901(a–b)(1) (providing that "[t]estimony that an item is what it is claimed to be" satisfies the requirement of authenticating or identifying an item); *State v. Macumber*, 119 Ariz. 516, 521–22, 582 P.2d 162, 167–68 (1978) ("A foundation [for introducing evidence] may be laid [e]ither through identification testimony *[or]* by establishing a chain of custody."). Further, the best evidence rule does not preclude the video because the longer recording was destroyed for reasons other than the State's bad faith. *See* Ariz. R. Evid. 1004(a) ("An original is not required and other evidence of the content of a [recording] is admissible if … all the originals are lost or destroyed, and not by the proponent acting in bad faith."). Additionally, the video does not contain hearsay. The State is not offering it to prove the truth of Ponce's statements, nor does the record indicate that Mahfouz intended his giving it to the police as an assertion. *See* Ariz. R. Evid. 801(c) ("Hearsay [is] a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."); *State v. Chavez*, 225 Ariz. 442, 444 ¶ 8, 239 P.3d 761, 763 (App.2010) ("[W]ords or conduct not intended as assertions are not hearsay even when offered as evidence of the declarant's implicit belief of a fact").

times each day. The majority's decision makes them inadmissible if—as is highly likely—they have ever been excerpted from longer recordings or text messages. Take a situation in which a person transmits to another a screenshot of part of a text message conversation and then accidentally drops the cell phone in water, destroying the phone. Under the majority's analysis, the screenshot will be inadmissible because the longer text message conversation has ceased to exist. Or if a person takes a series of photographs on a cell phone and transmits one of them to another and then innocently erases the other photographs, the transmitted photograph will be inadmissible because the others have been destroyed. These are the unfortunate consequences of misapplying Rule 106.

¶ 28 Because Rule 106 does not apply to the video of the stabbing, and the admission of the video was not unfairly prejudicial under Rule 403, the trial court erred in excluding the video. I must therefore dissent from the majority's decision to affirm the trial court.