IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Petitioner,*

*v.*

HON. ROLAND J. STEINLE, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

ALEJANDRA MONSERAT MORAN,
*Real Party in Interest.*

No. CV-15-0263-PR
Filed June 13, 2016

Special Action from the Superior Court in Maricopa County
The Honorable Roland J. Steinle, III, Judge
No. CR2012-165657
**VACATED AND REMANDED**

Opinion of the Court of Appeals, Division One
237 Ariz. 531, 354 P.3d 408 (2015)
**VACATED**

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Lisa Marie Martin
(argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Law Office of the Public Defender, Lindsay P. Abramson (argued), Deputy
Public Defender, Phoenix, for Alejandra Monserat Moran

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE
CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL, TIMMER, and
BOLICK joined.

CHIEF JUSTICE BALES, opinion of the Court:

¶1          We here consider the admissibility of an excerpt from a cell-
phone video recorded by a witness to a stabbing. Because the trial court

erred in excluding this evidence on the grounds the court identified, we vacate the lower courts' rulings but remand to allow the trial court to consider, in the first instance, whether the excerpt should be excluded under Arizona Rule of Evidence 403.

**I.**

¶2          A house party ended with a street fight. Witnesses said that Alejandra Moran and L.U. fought verbally and physically for several minutes before L.U. was stabbed. Another guest at the party, Hector Ponce, used his cell phone to record an approximately five-minute video of the fight, culminating with the stabbing. Ponce edited the video by cropping the first four and one-half minutes, sent the remaining thirty-one second excerpt to his friend Bassam Mahfouz, and then deleted the video from his cell phone. The video excerpt purportedly shows Moran stabbing L.U. in the chest.

¶3          L.U. died from the stab wounds, and the State charged Moran with first-degree murder. Detectives seized Mahfouz's phone to preserve the video evidence. They also unsuccessfully attempted to recover the full-length version of the video from Ponce's phone. Moran moved to exclude the video excerpt on the grounds that it was inadmissible under Arizona Rules of Evidence 106, 1002, 801, and 901. The trial court granted Moran's motion.

¶4          The State sought special action relief, arguing in the court of appeals that the trial court had erred in excluding the excerpt because the State was not responsible for the absence of the complete video recording. Relying on Evidence Rules 106 and 403, a divided panel of the court of appeals affirmed the trial court's ruling. *State v. Steinle (Moran)*, 237 Ariz. 531, 534 ¶ 14, 354 P.3d 408, 411 (App. 2015).

¶5          We granted review to determine if the trial court erred by excluding the video excerpt, as the admissibility of such evidence presents a recurring legal issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

**¶6**          We review a trial court's evidentiary rulings for an abuse of discretion. *State v. Leteve*, 237 Ariz. 516, 523 ¶ 18, 354 P.3d 393, 400 (2015). But we review de novo the interpretation of the Arizona Rules of Evidence. *State v. Payne*, 233 Ariz. 484, 502 ¶ 49, 314 P.3d 1239, 1257 (2013). Our interpretation is guided, but not determined, by federal court decisions when our evidence rules mirror the federal rules. *See State v. Bernstein*, 237 Ariz. 226, 228 ¶ 9, 349 P.3d 200, 202 (2015).

## A.

**¶7**          Relevant evidence is generally admissible unless it is otherwise precluded by court rules, statutes, or constitutional provisions. Ariz. R. Evid. 402. A video excerpt depicting a fatal stabbing is plainly relevant in a related criminal prosecution. The issue here is whether any of the rules of evidence identified by Moran preclude admission of the excerpt. We first consider the rules relied upon by the court of appeals – Rules 106 and 403.

**¶8**          Rule 106, the rule of completeness, provides "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part -- or any other writing or recorded statement -- that in fairness ought to be considered at the same time." A "recorded statement" may include electronic recordings of conduct, such as the cell-phone video here. *See United States v. Yevakpor*, 419 F. Supp. 2d 242, 252 (N.D.N.Y. 2006) (applying Federal Rule 106 to video recordings by a government agency); *see also Brewer v. Jeep Corp.*, 724 F.2d 653, 657 (8th Cir. 1983) (applying Federal Rule 106 to a film commissioned by the defendant).

**¶9**          In ruling that Rule 106 supports excluding the excerpt from Ponce's video, the court of appeals reasoned that "the deleted portion of the video is 'necessary to qualify, explain or place into context the portion already introduced.'" 237 Ariz. at 534 ¶ 12, 354 P.3d at 411 (quoting *State v. Prasertphong*, 210 Ariz. 496, 499 ¶ 15, 114 P.3d 828, 831 (2005)). The court of appeals also relied on *Yevakpor*, a district court decision that precluded the government from introducing three one-minute video segments from a longer recording of a border stop and search. 237 Ariz. at 533 ¶ 9, 354 P.3d at 410. The court in *Yevakpor* noted that the segments portrayed "a small

clip of the entire time the defendant was recorded," and did not show events before the defendant was stopped or the results of the search. 419 F. Supp.2d at 244.

¶10        Rule 106, however, is a rule of inclusion rather than exclusion. The rule provides that if one party introduces part of a recorded statement, an adverse party may require the concurrent introduction of other parts when fairness demands, thereby "secur[ing] for the tribunal a complete understanding of the total tenor and effect of the utterance." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171–72 (1988). Rule 106 does not by its terms address situations when all that remains is a fragment of a once longer statement (for example, if only a few pages have survived an author's unsuccessful attempt to completely destroy a diary); nor does it direct the exclusion of evidence in any circumstance.

¶11        *Yevakpor* is also inapposite. That case did not turn on Rule 106. The district court instead precluded the video segments as a sanction for government misconduct. 419 F.Supp.2d at 251. In *Yevakpor*, the government agency recorded a video, selected portions it deemed relevant (or incriminating), and then deleted or recorded over nearly 90 percent of the rest of the recording. *Id.* at 245–47. Such action was inappropriate, the district court found, because the agents knew the selected footage would be used in prosecuting the case, and the defendant was potentially harmed by the destruction of the rest of the video. *Id.* at 246–47.

¶12        In contrast to *Yevakpor*, here the State was not involved in recording or editing Ponce's video. Indeed, the State had no control over what Ponce did with the video after he recorded it on his cell phone. The State sought to introduce the complete version of the only video it ever possessed – the thirty-one second recording recovered from Mahfouz's cell phone. Because Ponce destroyed the longer version he initially recorded, there are no additional portions to admit. Neither Rule 106 nor *Yevakpor* provides a basis for excluding the video segment at issue here.

¶13        The court of appeals also based its analysis on Rule 403, which allows the exclusion of relevant evidence if its probative value is substantially outweighed by the danger, among other things, of unfair prejudice. *Steinle*, 237 Ariz. at 534 ¶ 13, 354 P.3d at 411. Rule 403 might warrant excluding evidence of a remnant of a longer recorded statement, but the court of appeals erred by addressing this issue in the current

procedural posture of this case. Although Moran briefly argued to the trial court that admitting the video would prejudice her because it omitted events leading to the altercation, she did not raise Rule 403 in her motion to preclude the video's admission. Nor did the trial court identify Rule 403 in granting Moran's motion.

¶14    Appellate courts generally should not decide Rule 403 issues in the first instance because such rulings are highly contextual – they necessarily depend on assessments of not only the evidence in question, but also the other evidence in the case. *See Crackel v. Allstate Ins. Co.,* 208 Ariz. 252, 266 ¶ 53, 92 P.3d 882, 896 (App. 2004) ("The balancing of factors under Rule 403 is peculiarly a function of trial courts, not appellate courts."); *see also State v. Cooperman*, 232 Ariz. 347, 351–52 ¶¶ 17–19, 306 P.3d 4, 8–9 (2013); *Readenour v. Marion Power Shovel*, 149 Ariz. 442, 449–50, 719 P.2d 1058, 1065–66 (1986).

¶15    These observations apply to video evidence. Such evidence, while perhaps highly probative, may also potentially be unfairly prejudicial or misleading, whether or not the video has been cropped or otherwise edited. *See, e.g.*, 2 McCormick on Evidence § 216 (7th ed. 2013) ("[C]ameras do not record everything, and do record only from the perspective of where they are situated. Enhancing and editing add a human element of subjectivity which should also be examined and understood by the jury."); *see also Snead v. Am. Exp.-Isbrandtsen Lines, Inc.,* 59 F.R.D. 148, 150 (E.D. Pa. 1973) (Noting that "[t]he editing and splicing of films may change the chronology of events. . . . Thus, that which purports to be a means to reach the truth may be distorted, misleading, and false."). Such dangers, however, might be mitigated by testimony that explains the circumstances in which the video was made or by cautionary instructions. Here, for example, the State argues that Moran will not be unfairly prejudiced by admitting the video segment because Ponce will be available to testify about its preparation, and he and other witnesses can describe surrounding events that are not depicted on the video.

¶16    In these circumstances, the court of appeals erred by addressing the Rule 403 issue in the first instance. Instead, the trial court should have the first opportunity to consider, in light of other evidence in the case, whether the probative value of the video excerpt is substantially outweighed by the danger of unfair prejudice to Moran.

**B.**

**¶17**     Moran also argues that the trial court's ruling is supported by other evidence rules cited in the ruling and identified in her motion to preclude.   We consider these arguments as alternative grounds for affirming the decision below.  *See State v. Romero*, 239 Ariz. 6, 11–12 ¶¶ 25–28, 365 P.3d 358, 363–64 (2016) (addressing alternative grounds relied on by trial court to exclude evidence).

**¶18**     First, Moran argues that Rule 1002, the "best evidence rule," requires introduction of the entire five-minute video as originally recorded by Ponce.   But this contention misunderstands Rule 1002, which provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or an applicable statute provides otherwise."   Rule 1002 applies when a witness seeks to testify about the contents of a writing, recording, or photograph without producing the item itself.  *See* 6 Weinstein's Federal Evidence § 1002.05[1] (2d ed. 2016).

**¶19**     Rule 1002 does not require an original writing, recording, or photograph to prove an event that existed independently of its description in such items.  Whether the rule applies depends on whether the content of the original is at issue.  As the Advisory Committee Notes to Federal Rule 1002 explain:

> The usual course is for a witness on the stand to identify the photograph or motion picture as a correct representation of events which he saw or of a scene with which he is familiar [and] . . . he adopts the picture as his testimony, or . . . uses the picture to illustrate his testimony.   Under these circumstances, no effort is made to prove the contents of the picture, and the rule is inapplicable.

**¶20**     Here, the State intends to call Ponce, and other witnesses, to identify the video as a representation of the altercation that unfolded between Moran and L.U.   Thus, the video excerpt will illustrate the witnesses' testimony rather than prove the contents of the original video. Because the best evidence rule is inapplicable here, the trial court erred by excluding the video on Rule 1002 grounds.

¶21        Rule 801, the hearsay rule, likewise is not a basis for precluding the video.  Hearsay is defined by Rule 801(c)(1) and (2) as a statement "the declarant does not make while testifying at the current trial or hearing" that is offered "in evidence to prove the truth of the matter asserted."  *See State v. Forde*, 233 Ariz. 543, 564 ¶ 78, 315 P.3d 1200, 1221 (2014).  Moran argues that the cell-phone video contains multiple levels of hearsay because Ponce and his companion can be heard making statements in response to the stabbing and because Mahfouz "retold" the hearsay he learned from Ponce when he gave the video to the police.

¶22        A "statement" for purposes of the hearsay rule includes not only verbal but also nonverbal conduct, provided the latter is intended to be an assertion.  *See* Ariz. R. Evid. 801(a).  Conduct can only be deemed an assertion if there is specific evidence or circumstances indicating the actor intended the conduct to be an assertion of the fact sought to be proved.  *See State v. Ellison*, 213 Ariz. 116, 132 ¶ 56, 140 P.3d 899, 915 (2006); *see also* Fed. R. Evid. 801 advisory committee note to subdivision (a) ("[t]he effect of the definition of 'statement' is to exclude from the operation of the hearsay rule all evidence of conduct, verbal or nonverbal, not intended as an assertion").  The conduct captured by Ponce's video – the altercation and subsequent stabbing – was not conduct intended as an assertion of any fact; thus, the video is not hearsay and should not have been precluded as such.

¶23        In addition to depicting non-assertive conduct, the video also recorded some verbal statements by Ponce or other witnesses.  These statements, however, qualify as "excited utterances" or "present sense impressions" and thus are not precluded by the hearsay rule.  *See* Ariz. R. Evid. 803(1), (2).  (As the State acknowledged before this Court, any hearsay issue regarding the verbal statements could also be obviated by muting the sound on the video excerpt.)  An excited utterance is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused."  Rule 803(2); *see State v. Whitney*, 159 Ariz. 476, 482–84, 768 P.2d 638, 644–46 (1989).  For a statement to qualify as a present sense impression, the statement "must describe or explain an event or condition while the viewer is perceiving it or immediately thereafter."  *State v. Payne*, 233 Ariz. 484, 503 ¶ 50, 314 P.3d 1239, 1258 (2013) (internal quotations and citations omitted).  Ponce and his companion's recorded statements are either a witness's shocked reactions upon seeing a stabbing or descriptions made by witnesses while observing events as they occurred.

7

**¶24** Moran also identifies Rule 901 as a basis for excluding the video. That rule requires the proponent to authenticate or identify an item of evidence by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Ariz. R. Evid. 901(a); *State v. Lavers*, 168 Ariz. 376, 386, 814 P.2d 333, 343 (1991). Such a foundation may be laid by evidence either identifying the item or establishing chain of custody. *State v. Amaya Ruiz*, 166 Ariz. 152, 169, 800 P.2d 1260, 1277 (1990); *State v. Ashelman*, 137 Ariz. 460, 465, 671 P.2d 901, 906 (1983).

**¶25** Moran argues that the State cannot satisfy Rule 901 because it cannot show continuity of possession and, thus, a proper chain of custody. *See State v. Hurles*, 185 Ariz. 199, 206, 914 P.2d 1291, 1298 (1996) ("an exhibit may be admitted when there is evidence that strongly suggests the exact whereabouts of the exhibit at all times and which suggests no possibility of substitution or tampering") (internal quotations and citations omitted). This argument founders because Rule 901 does not invariably require chain of custody testimony, but instead may be satisfied if the proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is." *See* Ariz. R. Evid. 901(a); *see also State v. Emery*, 141 Ariz. 549, 551, 688 P.2d 175, 177 (1984) (reasoning that a party can lay sufficient foundation for evidence by having a "witness . . . testify that the item is what it is claimed to be").

**¶26** Generally, "the requirements for admission of a video recording should be the same as for a photo, that it fairly and accurately depicts that which it purports to show." *State v. Haight-Gyuro*, 218 Ariz. 356, 358 ¶ 7, 186 P.3d 33, 35 (App. 2008). Thus, even if the State cannot establish chain of custody, Ponce or other witnesses present when the video was made can lay a sufficient foundation by testifying that it fairly and accurately depicts events perceived by the witness. Accordingly, Rule 901 does not preclude admission of the video excerpt into evidence.

### III.

**¶27** The trial court erred by precluding the video excerpt based on Evidence Rules 106, 1002, 801, and 901. We therefore vacate its suppression order, vacate the opinion of the court of appeals, and remand the case to the trial court so it may consider, in the first instance, whether this evidence should be precluded under Rule 403.

8