NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANDREW ASCHENBRENNER, *Appellant.*

No. 1 CA-CR 16-0325
FILED 7-6-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-426135-001 DT
The Honorable Pamela S. Gates, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

¶1 Appellant Andrew Aschenbrenner challenges his conviction and sentence for second degree murder.

### FACTUAL AND PROCEDURAL HISTORY[1]

¶2 In June 2013, Aschenbrenner's younger brother, Randy, and several of Randy's friends were involved in a fight with victim D.H. and D.H.'s friends. At some point the fight ended and the two groups separated. Later, one of Randy's friends called Aschenbrenner for support. Aschenbrenner arrived and confronted D.H. and his friends. D.H. and Aschenbrenner began to fight, and eventually D.H. collapsed. D.H. had sustained fatal stab wounds. While D.H. was on the ground, Aschenbrenner kicked him.

¶3 As Aschenbrenner and D.H. fought, several other members of the group were also fighting among themselves, stopping only when they noticed D.H. making a loud noise as if he were gasping for air.

¶4 Once D.H. was on the ground, Aschenbrenner, Randy, and Randy's friends began to leave the scene, but Aschenbrenner and Randy's friend, Eric Leinberger, returned for Aschenbrenner's knife; however, they could not locate it. Both Aschenbrenner and Leinberger were arrested as they began to walk away from the scene. D.H. later died of the stab wounds to his chest and abdomen. Aschenbrenner's knife was recovered from D.H.'s body.

---

[1] "We view the facts in the light most favorable to sustaining the verdicts." *State v. Dixon*, 226 Ariz. 545, 548 n.2, 250 P.3d 1174, 1177 n.2 (2011) (internal quotations and citation omitted).

¶5             A grand jury indicted Aschenbrenner for first degree murder, a Class 1 dangerous felony.  Ariz. Rev. Stat. ("A.R.S.") § 13-1105.[2]  The State later alleged the aggravating circumstances of causing physical, emotional, or financial harm to the victim's immediate family.  A.R.S. § 13-701(D)(9).

¶6             At trial, witness Stephanie Davis made conflicting statements about whether:  (1) Aschenbrenner threatened to stab D.H. or merely stated he had a knife; (2) she saw Aschenbrenner stab D.H.; (3) she saw a knife in D.H.'s hand; (4) Aschenbrenner was kicking D.H. alone or if Randy and Randy's friends joined in; and (5) Leinberger was standing next to D.H. when D.H. collapsed.

¶7             Witness Megan Maestas made conflicting statements about whether:  (1) she saw a knife in Aschenbrenner's hand; (2) Aschenbrenner was the only person fighting with D.H. before D.H. collapsed; and (3) Aschenbrenner was kicking D.H. alone or if Randy and Randy's friends joined in.

¶8             On direct examination, Maestas and Davis testified about their recollections of the confrontation.   During cross-examination, Aschenbrenner elicited prior inconsistent statements made by Maestas and Davis, and the State sought to rehabilitate them with their prior consistent statements.  To rehabilitate Maestas during redirect examination, the State asked whether Maestas had previously told police "that when [D.H.] went down to the ground [Aschenbrenner] was the only one fighting with him," and Aschenbrenner objected that the State was "[m]isstating what was said . . . ."  Aschenbrenner sought to have part of an audio recording of Maestas' police interview played for the jury pursuant to Arizona Rule of Evidence ("Rule") 106.[3]   After listening to the recording, the court denied Aschenbrenner's request because Maestas admitted to the prior inconsistent statements during cross-examination.

¶9             During redirect examination of Davis, the State asked whether Davis told police "that [she was] diverted to [Maestas] who wanted to intervene after [Aschenbrenner] had displayed the knife."

---

[2]       We cite the current version of the relevant statutes unless revisions material to this decision have occurred since the events in question.

[3]       "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time."  Ariz. R. Evid. 106.

Aschenbrenner objected, asserting the State was misstating the evidence. Aschenbrenner offered to play the recording, but it was not admitted or played for the jury. The court initially sustained Aschenbrenner's objection, but later allowed the State to rephrase the question to avoid mischaracterizing what Davis had previously told police. No audio recordings of either Maestas' or Davis' interviews were played for the jury.

**¶10**　　　　A jury found Aschenbrenner guilty of the lesser-included offense of second degree murder and found the State proved the alleged aggravating factor beyond a reasonable doubt. The superior court sentenced Aschenbrenner to eighteen years' imprisonment, crediting him 1056 days of presentence incarceration. Aschenbrenner filed a motion for new trial, arguing the court erred by failing to admit portions of audio and video statements of witnesses Maestas and Davis to place their respective statements in the proper context. The court denied the motion.

**¶11**　　　　Aschenbrenner timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶12**　　　　Aschenbrenner asserts the court erred by: (1) denying his request to play portions of the recorded statements of eyewitnesses after the State introduced statements that he claims were misleading to the jury; and (2) crediting him with only 1056 days of presentence incarceration when he was entitled to 1058. The State concedes Aschenbrenner is entitled to 1058 days of presentence incarceration credit, and we therefore modify the court's sentence to reflect 1058 days of presentence incarceration credit and address Aschenbrenner's remaining arguments.

**¶13**　　　　We review evidentiary rulings for abuse of discretion. *State v. Steinle*, 239 Ariz. 415, 417, ¶ 6, 372 P.3d 939, 941 (2016). However, if a claim is raised for the first time on appeal, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).

**¶14**　　　　As an initial matter, Aschenbrenner's argument that he should have been allowed to introduce a portion of witness Maestas' recorded police interview under Rule 106 fails. Maestas admitted making the prior inconsistent statements, therefore no further impeachment was necessary and the trial court properly barred the recording, which was

cumulative as to the same facts.[4]  Accordingly, the court did not abuse its discretion in denying Aschenbrenner's request to admit Maestas' recorded interview.

**¶15**      Aschenbrenner next argues he should have been allowed to introduce a portion of witness Davis' recorded police interview pursuant to Rule 106.  However, Aschenbrenner did not raise this issue until his motion for new trial, therefore this claim is subject only to fundamental error review.[5]  *State v. Spreitz*, 190 Ariz. 129, 145, 945 P.2d 1260, 1276 (1997) (stating objection on one ground does not preserve a different evidentiary theory presented for the first time on appeal); *State v. Larin*, 233 Ariz. 202, 208, ¶ 14, 310 P.3d 990, 996 (App. 2013) ("By failing to timely raise an issue at trial, . . . the defendant waives the right to seek relief for all but fundamental, prejudicial error.").  Aschenbrenner does not argue the court's failure to admit Davis' recorded police interview was fundamental error, nor that the error was prejudicial.  Therefore, he has waived the argument.  *State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶ 17, 185 P.3d 135, 140 (App. 2008) (holding that because appellant failed to argue alleged error was fundamental, the argument was waived).

---

[4]      "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Ariz. R. Evid. 403.

[5]      Aschenbrenner did object at trial to the State misstating the record, however, the only reference to defense counsel "[having] the statement" was for the judge to hear.  No argument was made that the statement should be played for the jury to provide completeness under Rule 106.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm Aschenbrenner's conviction but modify the court's sentence to reflect 1058 days of presentence incarceration credit.



AMY M. WOOD • Clerk of the Court
FILED:  AA